# THE STATE OF IOWA:

## DES MOINES, JUNE TERM, A. D. 1876.

IN THE THIRTY-FIRST YEAR OF THE STATE.

---

PRESENT:

HON. WILLIAM H. SEEVERS, CHIEF JUSTICE.
" JAMES G. DAY,
" JAMES H. ROTHROCK, ⎫
" JOSEPH M. BECK, ⎬ JUDGES.
" AUSTIN ADAMS. ⎭

---

## CADLE v. THE MUSCATINE WESTERN RAILROAD CO.

1. **Damages:** RAILROADS: STREETS. In an action against a railway company by an adjacent owner for such a negligent or improper construction of its line upon a street as to injure his property, the measure of damages is the difference between the value of the property with the road as constructed and its estimated value with the line properly constructed.

2. **Practice in the Supreme Court:** ABSTRACT: INSTRUCTIONS. Where the abstract states that the appellant excepted to the giving of certain instructions but the instructions, although set out, are not numbered, the objection cannot be reviewed in the Supreme Court.

3. **Railroads**: USE OF PUBLIC STREET. The owner of adjacent property has an interest in the street, entitling him to maintain an action against a railway company for such a careless or unlawful appropriation thereof, or location of its track thereon, as shall be injurious to his property.

*Appeal from Muscatine Circuit Court.*

SATURDAY, JUNE 17.

THE plaintiff claims of the City of Muscatine and the Muscatine Western Railway Company $6,000 damages, and alleges as the ground of such claim, that plaintiff was the owner of certain lots fronting on Water street in said city, and that in the month of May, 1872, the defendant, the City of Muscatine, carelessly, negligently and unnecessarily granted to the Muscatine Western Railway Company authority to construct a railway along said street, and that the said company negligently and unnecessarily constructed their road so near to plaintiff's premises as to almost wholly deprive him of the use of his said property, when the said company could, without material injury to plaintiff's property, and without material inconvenience to defendant, have laid their track on the opposite side of the street along the river bank, so far from the front of plaintiff's property as not to materially injure it or the property of any other person.

The City of Muscatine denied that it was negligent in granting authority to construct a railroad along said street; and the railroad company denied that it was negligent in the construction of its road.

There was a jury trial, resulting in a verdict and judgment against the plaintiff and in favor of the City of Muscatine for costs, and in favor of plaintiff and against the Muscatine Railway Company for $1,000. The railway company appeals.

*Cloud & Broomhall*, for appellant.

*Hanna & Fitzgerald*, for appellee.

DAY, J.—I. Upon the trial the court permitted the plaintiff, against the objection of the defendant, as a basis for the

computation of damages, to prove the value of his property,

**1. DAMAGES: railroads: streets.** immediately before and immediately after the location of the road in front of it. Defendants objected to this testimony as not furnishing the proper mode of estimating the damages. It was competent for the City of Muscatine to grant to the railroad company authority to construct its road over the street in controversy; and for a proper exercise of such authority the defendant would not be liable, although such act might diminish plaintiff's enjoyment of his property and lessen its value. *Slatten v. Des Moines Valley R'y Co.*, 29 Iowa, 148. The plaintiff recognizes the correctness of this proposition and seeks to recover, not simply because of the construction of the railroad along Water street, but because of defendant's negligence in selecting the line of said road upon the street. In other words, plaintiff claims damages because, as he alleges, the defendant fixed the line of its road unnecessarily near to his premises. It is apparent, however, that the construction of the road upon said street, notwithstanding the exercise of the highest degree of care in selecting the line of the road, might have diminished the value of plaintiff's property. The real question then is, not how much is the value of plaintiff's property diminished by the construction of the road upon the street, but how much is it diminished by the negligent selection of an improper line in the street, and the construction of the road thereon. The true measure of damage is the difference in the value of plaintiff's property, with the road constructed upon its present line in the street, and what that value would have been if the road had been constructed upon a line in said street selected with reasonable care and a proper regard for the rights of all interested. The evidence admitted does not furnish the true rule for estimating damages, and in admitting it the court erred.

II. The abstract states that the defendants excepted to the giving of the instructions Nos. 2, 3, 4, 5, 6, 7, 8. The **2. PRACTICE in the Supreme Court: abstract: instructions.** charge of the court, as set forth in the abstract, is not numbered in any way corresponding to the numbers named in this exception, and we have no

means of determining to what portions of the charge this exception relates. We cannot, therefore, review the charge of the court given upon his own motion.

III. The defendant asked the court to instruct as follows: "1. The plaintiff, as a cause of action against this defendant, avers that it constructed its road unlawfully, wrongfully and carelessly in front of plaintiff's property. In order to find against this defendant, the jury must find, *first*, that this defendant constructed its road without legal authority, or *second*, that this defendant acted wrongfully, or *third*, that in the construction of its road the defendant was guilty of carelessness." The court gave this instruction, after modifying it by inserting after the word "construction" the words "or location." The defendant excepted to the modification. Whilst in this State the owners of lots abutting upon streets do not own the fee of the streets, yet we have recognized the doctrine that they have a peculiar interest in the street, which neither the local nor general public can pretend to claim, which is an easement appendant to the lots, and partakes of the nature of property. See *Cook v. The City of Burlington*, 30 Iowa, 94. True, this easement is subordinate to the right of the general public to a proper use of the streets for public purposes; and for such use no damages can be recovered. But if, under authority conferred by statute or granted by municipal ordinance, a railroad company negligently and carelessly appropriates the street, and thereby unnecessarily enhances the injury to an adjoining proprietor, we know not upon what sound legal principle he can be denied redress. If he cannot have redress for such unnecessary appropriation of the street, then a railroad company may with impunity build so near the lot of an adjoining proprietor as to take the entire sidewalk, and cut him off from all reasonably safe means of egress from his premises, even when the road might, without injury to the city or to others, have been constructed in the middle of the street. This doctrine cannot be countenanced so long as it is admitted that an abutting owner has any interest in the street which courts should protect. Of course, in all cases where

*[margin note: 3. RAILROADS: use of public street.]*

damages are recovered by a lot-owner, on account of the appropriation of the street for railroad purposes, such damages cannot be predicated alone upon the fact of appropriation, but upon the negligent and improper selection of the line on the street. And in determining this question of selection, due regard must be had to the interests of the city, and to the rights of the proprietors on the opposite side of the street. Subject to these qualifications, we are unable to see why, where negligence and a disregard for the interests of adjoining owners are clearly shown, such owners should not be permitted to recover for the injury which such negligence occasions. We think, therefore, there was no error in the modification of this instruction, nor in a similar modification of other instructions asked. For the error before alluded to the judgment must be

REVERSED.