FRITH v. THE CITY OF DUBUQUE AND THE C., D. & M. R. Co.

1. **Railroads:** DAMAGES: EVIDENCE. In an action by an adjacent owner against a railway company for damages for the occupation of a street, whereby access to his property is obstructed and its value depreciated, the deed of right of way by the owner is admissible in evidence.

2. ———: ———: OCCUPATION OF STREET. The fact that a city has granted a railway a right to lay its track upon one of its streets does not deprive the owner of adjacent property of the right to maintain an action therefor, if he has suffered special injury not common to the general public.

3. ———: ———: MEASURE OF. The plaintiff in such an action is entitled to recover such special damages as he may have suffered from the time the street was obstructed until the commencement of his action.

4. ———: OCCUPATION OF STREET: LIABILITY OF CITIES. The city which has granted the railway company the right to use its street does not thereby become liable for its obstruction to the adjacent owner.

*Appeal from Dubuque District Court.*

WEDNESDAY, MARCH 21.

THE petition, in substance, sets forth that the plaintiff is the owner of part of a certain mineral lot in the corporate

limits of the city of Dubuque; that a legally established street passes through said premises running along the bank of the Mississippi river, under the bluff, and said street is the only way by which plaintiff's said premises can be approached; that the city of Dubuque granted to the defendant, the Chicago, Dubuque & Minnesota Railroad Company, the right of way over said street for the purpose of laying its track along and over the same and running its trains thereon, and that under said grant the said railroad company has laid its track along and upon said street and runs its trains thereon, and completely and wholly occupies said street so as to entirely prevent the plaintiff from using or traveling the same excepting on foot, there being on the east side of said street the Mississippi river, and on the west side thereof almost precipitous bluffs, several hundred feet high.

It is further alleged that, at the time of the obstruction of the street as aforesaid, the plaintiff was engaged upon said premises in the manufacture of glue-stock and material, of soap-grease and material, and in preparing bones and horn for various uses and manufacturing purposes, and had long prior thereto been so engaged; that in the manufacture of said various products he used the offal of the slaughter-houses in and about the city of Dubuque, and the carcasses of horses, cattle and hogs, and that the occupation of said street by said railroad has completely excluded and prevented him using said street, and from hauling loads to and from said premises since about the first day of August, 1870; that his manufacturing business has been interfered with by defendant since the spring of 1870, and since about August 1, 1870, almost entirely destroyed, as above shown, and the value of plaintiff's premises have greatly depreciated to his injury in the sum of ten thousand dollars, for which he asks judgment.

The defendants, for answer, admitted that plaintiff was the owner of the premises, as alleged in the petition, and that the street upon which the railroad was constructed was a regular established street; that the railroad company was running its cars over and along the track and along said street; that the channel of the Mississippi river runs on the easterly side

of said street, and a precipitous bluff on the westerly side; that previous to the time the railroad was constructed plaintiff used said premises in the manufacture of glue-stock, soap-grease and like material, using therefor the carcasses of animals, and denying the other averments of the petition.

The second defense set up in the answer was in substance as follows: That plaintiff, well knowing the topography of the ground and the necessary effect of the construction and operation of the railroad across said premises, and the right of said company to control the entire width of its right of way, and that owing to the narrow strip lying between the channel of the river and the precipitous bluff, it would be necessary for the company to occupy the entire width of the street, did, on the 7th day of December, 1870, for a valuable consideration, sell and convey to the company the right of way over said premises, with the full privilege to said company to survey, lay out, construct, and maintain said road without any further consideration. The deed referred to is in these words:

"*Know all men by these presents*, That in consideration of one hundred dollars paid me by the Dubuque & Minnesota Railroad Company, and the benefit I expect to derive from the construction of the said road, I, Thomas J. Frith, of Dubuque county, Iowa, hereby grant and convey to said company the right of way for their railroad over the following described lands: North half of mineral lot 310 in the city of Dubuque, with full privilege to said company to survey, lay out, construct and maintain said road without further consideration.          Thomas J. Frith."

" December 7, 1870.

Said deed was duly acknowledged.

It seems that a demurrer to the second defense was sustained. There was trial by jury, verdict and judgment for the plaintiff for fifteen hundred dollars, and defendants appeal.

*S. P. Adams* and *Shiras, Van Duzee & Henderson*, for appellants.

*Beach & Hurd*, for appellee.

ROTHROCK, J.—I. The court gave to the jury the following among other instructions:

"Streets are for public use, by any and all persons that seek to travel thereon, and the appropriation of a street by a railroad company exclusively, and rendering travel thereon impossible or unsafe, gives to any property holder abutting thereon a right to recover damages therefor, unless such individual does not own the fee to the middle of the street, then such person only owns to the line of the street, and cannot recover for any damages similar to the case at bar."

"The plaintiff and his grantors being the owners of the premises in question, they were by virtue thereof the owners in fee of the street, or in other words, plaintiff by permitting, or the city by establishing the street, gave to the public the easement or right of way over this ground, but the fee or ownership remains in the plaintiff. Hence, the only privilege or right taken from him was the easement the public had in this for the use of an ordinary street, and that now the use of the same for the purpose of a steam railroad is an additional burden, which cannot be imposed thereon without compensation to the proprietor for this new servitude.

While the city has power to grant the right of way in a street, the company avails itself of this privilege at its peril, that is to say, if in laying its track it causes a private injury to him who owns the fee in the adjoining premises it must make good to such owner the damages he has sustained."

The thought of the foregoing instructions is that the plaintiff's right to recover is based upon his ownership of the fee 1. RAILROADS: in the street in question, and the jury are plainly damages : ev-idence. told that plaintiff is the owner of the fee, and that if the ownership were only to the line of the street no recovery can be had for any damages similar to the case at bar.

The defendants offered in evidence the deed of the right of way over the premises. Objection was made to its introduction, which was sustained, the court ruling that it was not admissible for any purpose. In this we think there was error.

If, as the court instructed the jury, the plaintiff is entitled to recover by reason of his ownership of the fee in the street,

the deed of right of way should have been admitted in evidence, as it conveyed to the defendant, the railroad company, the right to construct its road upon any part of the premises in question. And further, the exclusion of the deed necessarily excluded all evidence as to the condition of the construction of the road at the time the deed was made. It is alleged in the petition that on and after August 1st, 1870, the street in question was wholly obstructed. The deed was executed Dec. 7, 1870. If the road was constructed in the street when the deed was made, or if it was in course of construction, so that it was evident the right of way would be taken in the street, the conveyance of the right of way, it seems to us, would have an important bearing upon the plaintiff's right to recover based upon his ownership of the fee in the street.

Another important consideration is that it is not alleged in the petition that the plaintiff is the owner of the fee in the street. The theory of the instructions is that to recover plaintiff must be the owner of the fee, and that the road was improperly constructed, so as to prevent travel on the street to plaintiff's damage. But as there was no allegation of ownership in the street, it was improper to submit the case to the jury upon that theory.

II. The petition does not allege that the railroad company improperly constructed its road so as to prevent travel upon 2. ——: ——: the street; unless it may be that the allegation occupation of street. that the whole of the street was occupied with the railroad to the exclusion of the public, may be held to be sufficient to present that issue. We are inclined to think, in the absence of a motion for more specific statement, that the petition is sufficient for that purpose.

It is insisted in the argument for appellants that as the railroad company had the right to occupy the street, with the permission of the city, no action will lie by private persons for such occupation. We are not prepared to assent to this proposition to its full extent. While it is true we have uniformly held, where the fee of the streets is not owned by the adjoining proprietors, that a railroad company has the

right to take and use streets for the purpose of building and operating railroads, yet it does not follow that in so doing the road may not be so negligently built, or the street so occupied as to create a nuisance. And in such case, any one who suffers special damages not common to the whole public may recover. See *Cadle v. Muscatine Western R. Co.*, 44 Iowa, 11, and *Park v. C. & S. W. R. Co.*, 44 Iowa, 636.

To entitle a party to recover such special damages we do not think it necessary that he should own the fee in the street, but as the case at bar was not submitted to the jury upon this theory, it is unnecessary to pursue the thought further.

III. The court gave the jury the following instruction: "The test or method of arriving at such damages is to determine the marketable value of such property before plaintiff was deprived of his street or access to his property, and what is now the marketable value of such property deprived of such street or access thereto, and the difference between these amounts should be your verdict."

3. ——: ——: measure of.

This action is not a proceeding under the right of way act, and the judgment upon these pleadings does not determine the right of the defendant to use and occupy the street in question, to the exclusion of the plaintiff and all others for all time to come. If such were the effect of the judgment the measure of damages provided in the above instruction would be correct. But the railroad company to avoid the payment of damages and costs may cut into the bank, or otherwise widen the street so as to allow a passage way for travel, and thus avoid further liability. Conceding plaintiff's petition to be true, plaintiff is entitled to such special damages as he may have sustained from the time the street was obstructed by the railroad company down to the commencement of this suit.

IV. The defendants both joined in the same defense, and no separate defense was made for the city of Dubuque in the court below. It is now insisted that whatever liability there may be against the railroad company defendant, there can be no recovery against the city.

4. ——: occupation of street: liability of city.

As the cause must be reversed for the errors above discussed,

it is not necessary to determine the effect of a failure of the city to make a separate defense in the court below. We do not believe the city is liable. It may by ordinance permit the use of a street for a railway. The railway company accepts the grant subject to liability for any damages which may be sustained by individuals, by an improper construction of the road, or unauthorized use of the street. The use of the street under such permission or grant cannot make the city liable in damages.

REVERSED.