## HIRAM M. HEDRICK v. THE CITY OF OLATHE.

1. RAILROAD RIGHT-OF-WAY; *Damages; City, Not Liable.* A city of the the second class, having power by its charter "to provide for the passage of railways through the streets," gave permission to a railroad company to occupy one of the streets to its entire width with its tracks. In pursuance of such permission, the railroad company did so occupy the street. *Held,* That in the absence of express statute making the city responsible, it was not liable to an adjacent lot-owner for the damages to his lots caused by such occupation.

2. DAMAGES; *No Statutory Liability of City.* A section in the charter provides that "private property may be taken for public use, or for the purpose of giving the right-of-way, or other privilege, to any railroad

company; but in every case the city shall make the person or persons whose property shall be taken or injured thereby, adequate compensation therefor," etc. *Held,* That such section did not make the city liable in the case stated in the first paragraph of this syllabus, and in which the only action of the city was the giving of permission to occupy the street.

### *Error from Johnson District Court.*

THE opinion states the case. At the November Term, 1882, of the district court, the defendant *City of Olathe* recovered a judgment for costs against plaintiff *Hedrick,* who brings the case to this court.

*Gill & Parker,* for plaintiff in error.

*I. O. Pickering,* and *H. L. Burgess,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error, plaintiff below, commenced an action in the district court of Johnson county against the defendant. His petition, omitting the caption, is as follows:

" Plaintiff says that the defendant, the city of Olathe, is a corporation duly organized and incorporated as a city of the second class, under and by virtue of the laws of the state of Kansas. That plaintiff is the owner of lots 17, 18, and 21, in block 53, fronting on Willie street, in said city, upon which he has his residence and homestead, and where he resides with his family; that defendant, by and through its mayor and common council, has unlawfully granted said entire street as a right-of-way to the Kansas City & Olathe railroad company upon which to construct a double-track, standard-gauge railroad, and that said railroad company, under and by virtue of said grant, has taken possession of said entire street, including the sidewalks thereon, and has deprived the plaintiff of any use of said street or sidewalk. Plaintiff says that his said property has been injured in value by the unlawful acts of defendant through its officers, agents and servants as aforesaid, and that he is damaged by reason of the granting of said right-of-way in the sum of five hundred dollars, and that defendant, its officers, agents or servants have not paid or offered to pay any compensation whatever therefor. Wherefore, the plaintiff prays judgment against defendant

for said sum of five hundred dollars, and costs of suit, and all other proper relief."

A demurrer to this petition, on the ground that it did not state facts constituting a cause of action, was sustained. Plaintiff alleges error. Some technical matters might be suggested to justify an affirmation of the judgment without any examination of the substantial questions in the case, but it will be unjust to the learned counsel, who have so fully and ably argued the merits of the case, to turn from the consideration of the main question involved. Stripping it of all extraneous matter, that question is this: The city of Olathe gave to the railroad company permission to occupy the entire street in front of the plaintiff's lots. In pursuance of such permission, the railroad company has in fact so occupied the street. Is the city liable? Outside of a single section which we shall quote hereafter, and resting upon prior decisions of this court, the answer would unquestionably have to be in the negative. The fee of streets and other public grounds in a city, is in the county. The city is not the owner. It cannot give away the soil, or vest the title to the streets in a railroad company. But the city holds the control of the streets as an agent of the public, with powers given by the legislature. One of those powers is to "provide for the passage of railroads through the streets and public grounds of the city." (Comp. Laws 1879, p. 175, § 64.) By virtue of this power it may permit a railroad company to occupy any of the streets of the city. (*Railroad Company v. Garside,* 10 Kas. 552; 2 Dillon on Municipal Corporations, 3d ed., § 705, and cases cited in note.) And granting such permission does not subject it to any action in damages therefor. (*City of Davenport v. Stevenson,* 34 Iowa, 225; *Frith v. Dubuque,* 45 id. 506.) Indeed, it seems difficult to suggest upon what principle a city can be held liable for granting a permission which by valid statute it is authorized to grant, and when of itself it does nothing more than merely grant the permit. This of course would not absolve the railroad company from liability to the lot-owner for any

damages he might suffer from a wrongful use and occupation of the street. (*Railroad Company v. Garside*, supra; *Railroad Company v. Twine*, 23 Kas. 585.) So that independent of the section we will now quote, no recovery can be adjudged against the city except by an overruling of prior decisions of this court, and a departure from what seems to be the settled current of authority. But counsel rely mainly upon the section in the charter immediately succeeding that heretofore cited, and which reads as follows:

" SEC. 65. Private property may be taken for public use, or for the purpose of giving the right-of-way or other privilege to any railroad company, or for the purpose of creating or establishing market houses and market places, or for any other necessary purpose; but in every case the city shall make the person or persons whose property shall be taken or injured thereby, adequate compensation therefor, to be determined by the assessment of five disinterested householders of the city, who shall be selected and compensated as may be prescribed by ordinance, and who shall, in the discharge of their duties, act under oath faithfully and impartially to make the assessment to them submitted; and in determining the same, said householders shall consider the benefit resulting to, as well as the damages sustained by, the owner of the property so taken, except in condemnation of rights-of-way for private corporations. Appeals may be taken to the district court from the decision of such householders in the same manner and within the same time as from judgments of a justice of the peace."

We do not think think this section is applicable to the case before us. It provides that private property may be taken, and that in every case the city shall make the persons whose property shall be taken or injured adequate compensation therefor. This contemplates no action of the railroad company, or the exercise of the power of eminent domain by it. It is a delegation of power to the *municipality* alone, and an authority to it to take private property; and when it does this, it is compelled by this section to make compensation. But this section only applies when it *takes* private property. It is true that it says in *every case* the city shall make com-

pensation, but that expression by settled rules of construction refers back to the cases named in the first part of the section, and those are cases in which private property is taken. When it is taken, then the party whose property is taken, and also he whose property is injured by the taking, is entitled under the section to compensation from the city. Here the city has in terms taken nothing; the tangible property of plaintiff has been undisturbed. And while by the appropriation of the street to the use of the railroad he may have suffered consequential injuries, yet no tangible property of his has been appropriated by the railroad, the city, or anybody else. We do not mean to say that for these consequential injuries he is not entitled to compensation, or that a party can by any proceeding be deprived of those incidents or appurtenances to his property which give to it value. But the city, to be responsible for his losses, if responsible at all, must be under this section; and that we think obviously applies to those cases only in which there is a taking of tangible property by virtue of the right of eminent domain, and in which also the taking is by the city, so that title vests in the city, a title different from and other than that held prior thereto. Now in this case the city did not attempt to take anything for itself, did not attempt to acquire a title different from that which it had always held, did not attempt to take any tangible property at all for any purpose. No private tangible property has in fact been taken; and while the plaintiff may have been injured by what has been done, may possibly have received injuries for which he is entitled to compensation under the rules heretofore laid down by this court, yet the action, if any he has, is against the railroad company and not the city. (*Frith v. Dubuque*, 45 Iowa, 406.)

Without pursuing the inquiry further, we think the ruling of the district court correct, and it must be sustained. The judgment will be affirmed.

All the Justices concurring.