THE OTTAWA, OSAGE CITY & COUNCIL GROVE RAIL-
ROAD COMPANY v. ANDREW LARSON.

1. RAILROAD, *How to be Constructed and Operated in Public Street—
Damages — Liability.* A railroad company may, under the provisions of the statute and under the authority of a city ordinance, construct and operate its railroad in a public street in a legal and proper manner, making such alterations in the surface of the street as are necessary to the construction and operation of its road; and which do not necessarily impair the usefulness of the street, without being liable to abutting lot-owners or others for damages; but such a company cannot, any more than an individual, wrongfully and unnecessarily block up or obstruct a street without being liable therefor.

2. VALID STATUTE — *Eminent Domain — Remote Damages.* Subdivision 4, §47, ch. 23, Comp. Laws of 1885, is not in contravention to §4, art. 12 of the constitution of the state, or of the fifth amendment to the constitution of the United States; as the constitutional right to compensation for private property taken for public use does not extend to instances where the land is not actually taken, but indirectly or consequentially injured.

3. ADDITION TO CITY, *Owned by Corporation — Streets to be Used in Legal Manner for Railroad.* Where a corporation owning land adjoining to a city lays out and plats its land as an addition to the city, and dedicates the streets for public use, with the condition that it reserves to itself, its successors or assigns, the right to use and occupy the streets for the purpose of operating a railroad, such reservation does not relieve the corporation from constructing, operating and maintaining its line of railroad in a legal and proper manner.

*Error from Osage District Court.*

ON the 28th day of May, 1886, *Andrew Larson* filed his petition against the Ottawa, Osage City & Council Grove Railroad Company, in the district court of Osage county. The petition alleged:

"That he is the owner of lots numbers 6, 7, 8, and 9, in block 31, and lots number 4 and 5, in block 38, all in the Osage Carbon Company's second addition to Osage City, in Osage county, state of Kansas; that said second addition is duly platted of record, and the streets and alleys thereof, including F street, are duly and lawfully dedicated and opened to the public as such streets and alleys, and that the portion of said second addition, embracing plaintiff's said lots, is within the corporate limits of said Osage City; that plaintiff selected, purchased, improved, occupied and cultivated, and now occupies and cultivates said lands with reference to and for the purpose of his comfort, convenience and profit and the comfort and convenience of his family, and as his and his family's homestead; that, in furtherance and pursuance of said purposes, he has improved said lands with fences, family residence, barns and other necessary buildings, with fruit, ornamental and other trees, shrubs and plants, all at an aggregate expense to him of $800.

"And plaintiff says that the defendant is a railroad corporation, duly organized under the laws of the state of Kansas, owning, constructing, occupying and operating a standard-gauge railroad, known and styled the Ottawa, Osage City & Council Grove Railroad; that said railroad is by defendant located, constructed and operated on and along the whole of F street in said second addition to Osage City, length and breadth, and on and along the south line and front of said lots Nos. 6, 7, 8, and 9, in said block 31, and on and along the north line and front of said lots 4 and 5 in block 38 of said second addition; that in constructing, locating and operating said railroad on and along said street, and upon and along said lines and fronts of said lands of plaintiff, defendant has dug and excavated large and deep ditches along and upon said street, and along and upon said the said lines and fronts of plaintiff's said lands, and raised and builded a great elevation along and upon said street, and along and upon the said lines and fronts of said lands of plaintiff, and has laid,

fixed and fastened along and upon the top of said elevation, for the whole length thereof, the ties and track of said railroad; that thereby defendant has wholly occupied and destroyed said F street, length and breadth, and particularly on and along said lines and fronts of plaintiff's said lands as such streets and highways; and that said defendant has not repaired, amended or restored said street or any part thereof, or sought, undertaken or attempted to repair, mend or restore said street or any part thereof to its original or to any condition, state or degree of usefulness or availability as such street or public highway. And plaintiff further says that said street on and along said lines and fronts of his said lands is the only means of ingress or egress to his said lands, or appertaining in any way thereto.

"And he further says that the location, construction and operation of said railroad by said defendant as hereinbefore complained of, has destroyed, injured and impaired his said fences, dwelling house, barns and other buildings and improvements on said lands, and rendered them useless, untenable and unavailable, and has rendered said lands and premises unfit, undesirable and untenable for the uses and conveniences and comforts aforesaid, to his damage in the sum of $1,000. Wherefore, he prays judgment against said defendant for said sum of $1,000, his damages so as aforesaid sustained."

On the 18th day of December, 1886, the following amended answer was filed by the railroad company:

" 1. Now comes the defendant, and for its amended answer to the plaintiff's petition, denies each and every material allegation therein contained, except as hereinafter directly admitted.

" 2. For a second and further defense the defendant admits that it is a corporation, and is engaged in the operation of a railroad into and through the county of Osage, and over and upon F street, in the Osage Carbon Company's second addition to the city of Osage City in said county; and the defendant says that the Osage Carbon Company is a corporation, duly created and existing under the laws of the state of Kansas, and as such corporation was on and prior to the 18th day of May, 1882, the owner of the lands on which said F street is now located; that on the 18th day of May, 1882, the said Osage Carbon Company caused said lands to be platted as its second addition to the city of Osage City, in said county, and

by the terms of said platting it donated said F street, and other streets in said platted addition, for public uses for streets, with the express understanding and upon the express condition that the right of the surface only should be contemplated as dedicated for the public use as streets, and that said Osage Carbon Company, its successors or assigns, or any person or company acting under its authority, should forever have the right to use or occupy said F street, or any of said streets in said second addition, for the purpose of operating any railroad, switches or side-tracks upon said F street, or any of the other of said streets in said addition. And this defendant further says that the said the Osage Carbon Company has assigned to said defendant the right to construct, operate and maintain its line of railroad over and upon said F street, and has duly authorized the construction and operation of said railroad in the manner in which the same is constructed and operated by said defendant. And the defendant further says that the said plaintiff purchased the lots described in his said petition, subject to the rights so as aforesaid reserved by the said Osage Carbon Company, and heretofore assigned to this defendant as aforesaid, to construct, operate and maintain a line of railroad over and upon said F street.

"3. For a third and further defense, the defendant admits that it is a corporation, and is engaged in the operation of a railroad into and through the county of Osage, and over and upon F street in the city of Osage City, in Osage county, state of Kansas; and the defendant says, that the said city ordinance, number 166, entitled 'An ordinance granting the right-of-way to the Ottawa, Osage City & Council Grove Railroad Company, through the city of Osage City, Osage county, state of Kansas,' which was passed and approved October 31, 1885, and which was duly published, and was at the time complained of in plaintiff's petition, and is a valid ordinance of said city, granted to the defendant a right-of-way to construct, operate and maintain its railroad track and such turnouts, switches and side-tracks as are essential and necessary to the transaction of the business of said company upon said F street, and the right to make drains along the said F street, and to run cars, trains and engines upon such right-of-way; and under the authority conferred by said ordinance, this defendant has, in a proper and legal manner, constructed its track on said F street in said city, and runs its cars, trains and engines upon said street, and made necessary alterations of the surface of the street, and has not unnecessarily impaired

the usefulness of said street for public travel and access to the abutting lots."

On the 18th day of December, 1886, the plaintiff filed the following demurrer:

"The plaintiff, for reasons appearing on the face thereof, demurs to the second and third defenses in defendant's answer set out, for the reasons following, to wit: That said second and third defenses, and neither of them, state facts sufficient to constitute a defense to plaintiff's petition, or any cause of action therein stated.

"Wherefore, plaintiff repeats the prayer of his petition."

Upon the hearing of the demurrer at the April term, 1887, the court sustained the same as to the second and third defenses contained in the Railroad Company's answer. To the ruling of the court in sustaining the demurrer, *The Company* excepted, and brings the case here.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*McConnell & Hay,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action commenced by Andrew Larson against the Ottawa, Osage City & Council Grove Railroad Company to recover $1,000 damages, on account of the location, construction and operation of its road upon a public street in an addition to Osage City, in front of lots owned and occupied by him. In its answer, for a third defense, the railroad company admitted that it was a corporation, engaged in the operation of a railroad through Osage county, and over and upon F street in the city of Osage City, but alleged that the city, by ordinance No. 166, entitled "An ordinance granting the right-of-way to the Ottawa, Osage City & Council Grove Railroad Company through the city of Osage," (which was duly approved and published,) granted to the company the right to construct, operate and maintain its railroad and track, and such turnouts, switches and side-tracks as were essential and necessary to the transaction of the business of the

20—40 KAS.

company upon F street, and the right to maintain drains along F street, and run cars, engines and trains upon its right-of-way; that, under the authority conferred by the ordinance, the company had in the proper and legal manner constructed its track on F street in the city, and run its cars, trains and engines upon said street, and made the necessary alterations of the surface of said street, but had not necessarily impaired the usefulness of the street for public travel and access to abutting lots; that the city of Osage City was an incorporated city of the state, and that the lots set forth in block 40 of the Osage Carbon Company's second addition to the city of Osage City, and F street, which abutted said lots, and on which defendant's railroad was constructed, were within the corporate limits of said city.

The district court sustained a demurrer to this part of the answer, upon the ground that it did not state facts sufficient to constitute any defense to the petition of Larson.

Subdivision 4 of § 47, ch. 23, Comp. Laws of 1885, reads:

"Every railway corporation shall, in addition to the powers hereinbefore conferred, have power . . . To construct its road across, along or upon any stream of water, water-course, street, highway, plank road, or turnpike, which the route of its road shall intersect or touch; but the company shall restore the stream, water-course, street, highway, plank road, or turnpike thus intersected or touched, to its former state, or to such state as to have not necessarily impaired its usefulness. Nothing herein contained shall be construed to authorize the construction of any railway not already located in, upon or across any street in any city incorporate, or town, without the assent of the corporate authorities of such city."

See also, § 65, ch. 19, Comp. Laws of 1885, giving cities of the second class the power to provide for the passage of railroads over or upon streets and public grounds. In *A. & N. Rld. Co. v. Garside*, 10 Kas. 552, it was decided that—

"A railway company having authority from the city may construct and operate its road over streets and public grounds without compensation to the abutting lot-owners for the use of the same, and without being liable to such lot-owners for consequential damages arising from noise, smoke, offensive

*1. Railroad, how to be constructed and operated in public street— damages— liability.* vapors, sparks, fires, shaking of the ground and other inconveniences and annoyances, where the railroad is operated in a legal and proper manner, and in fact it may so construct and operate its road without being liable to said lot-owners for any damage where the road is constructed and operated in a legal and proper manner."

It was decided in *Methodist Church v. City of Wyandotte*, 31 Kas. 721, that in the absence of a statute creating a liability —

"An action will not lie against a city of the second class for damages for the injury to adjoining property caused by a change having been lawfully made by the city authorities in the grade of a public street." (Dill. Mun. Corp., § 990; *Hedrick v. City of Olathe*, 30 Kas. 348.)

In *Heller v. A. T. & S. F. Rld. Co.*, 28 Kas. 625, it was said:

"The legislature, as the representative of the public, has plenary power over streets and highways, and as a general rule, full discretion as to opening, improving and vacating the same."

A railroad laid out over or on a public street or highway, so as to obstruct it, without express statutory authority or necessary implication, is a nuisance; and the company laying and operating such a road is liable by indictment, or otherwise, for creating and maintaining a nuisance; hence, the answer properly alleged the express authority of the railroad company to construct, operate and maintain its road upon the street described in the petition; and also that the road was "constructed and operated in a legal and proper manner," so as not to unnecessarily impair the usefulness of the street for public travel and access to abutting lots. If all the facts stated in the third defense are true, then the plaintiff is not entitled to recover, as the facts alleged are a full and sufficient answer to the petition.

Counsel for Larson contend, however, that said subdivision 4 of § 47, ch. 23, is in contravention of § 4, art. 12 of the constitution of the state, and also of the fifth amendment of the

constitution of the United States, and therefore that the statute is void. Such is not the case. The constitutional right to compensation for private property taken for public use does

**2. Valid statute —eminent domain—remote damages.** not extend to instances where the land is not actually taken, but only indirectly or consequentially injured; and an act or an ordinance authorizing the construction of a railroad, or other work of a public nature upon a public street or highway, the fee of which is in the public, is not unconstitutional because it does not provide for compensation for injuries to abutting lot or land-owners. (*Radcliff v. Mayor*, 4 N. Y. 195 [53 Am. Dec. 357–370]; *Rld. Co. v. Applegate*, [8 Dana, 289] 33 Am. Dec. 497; *Transportation Co. v. Chicago*, 99 U. S. 635; *Rld. Co. v. Joliet*, 79 Ill. 35; *Conklin v. Rly. Co.*, 102 N. Y. 107. See also *Hedrick v. City of Olathe*, supra.)

Counsel for Larson claim, however, that under the *Garside Case*, supra; the *Twine Case*, 23 Kas. 585; and the *Andrews Case*, 26 Kas. 702, and 30 Kas. 590, the plaintiff is entitled to recover *pro tanto* for any impairment or partial destruction of ingress or egress to his lots. In the *Garside Case* it is said:

"Therefore, in a case like the one at bar, where the railroad company has the legal right to construct and operate its road over certain grounds, we do not think that the company can by so doing be held liable for any damages of any kind where it constructs and operates its road in a legal and proper manner. It can be held liable only where it constructs and operates its road in an illegal, improper or wrongful manner. The plaintiff may, we .think, recover for the third kind of damages. But before he can do so he must show among other things that the levee is a street or highway, as he has alleged; that the railroad company wrongfully and unnecessarily blocked up and obstructed the said street or highway, and that the plaintiff received actual injury from such obstruction. And the injury must be special as to him, and not such as affects the public in general. Of course the railroad company can have no legal right to permanently block up a street. And it can have no legal right to temporarily block up or obstruct a street except where it necessarily does so in the lawful and proper use of its road. It can pass and repass with its engines and cars the same as individuals may with their

vehicles, and for such passing and repassing it cannot of course be liable to anyone; but it has no more right to obstruct the street than an individual has, and it may make itself liable for obstructing a street the same as an individual may."

In the *Twine Case,* the damages were allowed for completely obstructing access to an adjoining lot.

In the *Andrews Case,* damages were allowed upon the ground that the lot-owner considered the complete obstruction by the railroad company as a permanent taking and appropriation of the alley. In all of these cases it was asserted that a railroad company had no legal right to block up or wholly obstruct a street. These decisions, however, are to the effect only that a railroad company has no more right to obstruct the street than an individual has; and it may make itself liable for wrongfully and unnecessarily obstructing a street the same as an individual. To illustrate: An individual may drive his carriage or other vehicle up and down a street, but if he wrongfully and unnecessarily blocks up the street with his carriage or vehicle so that it cannot be used for other vehicles, or for persons passing and repassing, he will be liable to anyone damaged thereby. This court has held the same way in regard to the passing and repassing of engines and cars upon a street, where the railroad company has a legal right to construct and operate its road. It has, however, gone no further. The *pro tanto* theory has never been adopted. Indirect and general injuries give the lot-owner in this case no actionable damages. (*Heller v. A. T. & S. F. Rld. Co.,* supra.)

Counsel refer to the decisions of several courts, which to some extent support the court below in sustaining the demurrer. These decisions, as in Ohio, are contrary to the law elsewhere declared; and in other states are upon statutes or constitutional provisions widely differing from ours.

In passing, we may add that the legislature in 1881 enacted a statute for property-owners to recover damages where the grade of a street has been changed to their injury. (Comp. Laws of 1885, ch. 18, § 18.) This statute does not apply in any way to this case.

As to the second defense alleged in the answer, we do not think it important or material. The reservation to the Osage Carbon Company, its successors and assigns, to use and occupy the street for the purpose of operating a railroad, merely reserved to that company, if it reserved anything, the right to construct, operate and maintain its line of railroad over and upon the street in a proper and legal manner. All of this is alleged to have been done in the third defense of the answer; and therefore the court below committed no error in sustaining the demurrer to the second defense. (*Wood v. Water Works Co.*, 33 Kas. 590.)

3. Addition to city, owned by corporation— streets to be used in legal manner for railroad.

The ruling and judgment of the district court sustaining the demurrer to the third defense will be overruled, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.