JOHN C. DOUGLASS v. THE CITY OF LEAVEN-WORTH *et al.*

No. 435.

1. PUBLIC NUISANCE—*private party may bring action to abate.* A private party whose property is specially, peculiarly and injuriously affected by the erection and maintenance of a public nuisance, may maintain an action to abate the same and restrain the maintenance thereof.

2. ———— *city has no authority to authorize the construction and maintenance of.* The erection and maintenance of a depot building upon a public street in a city of the first class consti-

tutes a public nuisance, and a city council of such city cannot by ordinance lawfully authorize the construction and maintenance of such nuisance.

Error from Leavenworth District Court. Hon. Robert Crozier, Judge. Opinion filed July 16, 1897. *Reversed.*

*John C. Douglass,* for himself.

*J. W. Haussermann,* City Attorney, and *J. H. Wendorff,* for defendant in error.

MAHAN, P. J.    This is an action in the nature of a bill in equity to restrain and abate a public nuisance. The plaintiff declares he is the owner of certain lots on Main and Delaware Streets in the City of Leavenworth ; that the defendants, the City of Leavenworth and the Leavenworth Depot & Railroad Company, are maintaining a public nuisance by the erection of a passenger depot and stone wall surrounding it, upon the street adjacent to his property, by which he had access to and from his property and the wharf upon the Missouri River, used for steamboat landings ; and prays for the abatement of the nuisance and an injunction restraining the defendants from maintaining it.

A demurrer to the petition was sustained upon the ground that the petition does not state a cause of action.

The plaintiff sets out in his petition an ordinance of the City of Leavenworth, authorizing the Depot & Railroad Company to construct the passenger depot upon that part of Delaware Street lying within the east line of Main Street and the west line of the Missouri River, parallel therewith. The ordinance also provides that the Company may lay and maintain rail-

7—6 KAN. APP.

98     Douglass v. City of Leavenworth.

N. Dept.        Opinion.   Mahan, P. J.       6 Kan. App.

road tracks, for connection with the depot, upon and across Water Street, within certain limits.

The allegation of the petition is that the depot and the tracks in connection therewith, occupy the entire street immediately in front of the plaintiff's property, and all of the street lying between his property and the river, so as to cut off access to the front of the building. Water Street, according to the allegations of the petition and the map accompanying the same, lies parallel with Main Street. The plaintiff's property is situated between Main and Water Streets, extending from one to the other, with two fronts, one on Main and the other on Water Street. The front on Water Street is three stories high and the one on Main Street is two stories high. The property is a business property, used for a storeroom and warehouse. Before the construction of this depot, the plaintiff had, from the east front, the Water Street front, of his building, access directly to the river and to the steamboat landing, by means of drays, for the purpose of carrying drayage to and from steamboats and his warehouse.

The petition alleges the construction and maintenance of a public nuisance. It further alleges a special and individual injury to the plaintiff's property, occasioned by the nuisance, and that the right to the use of the street, which was dedicated in the ordinary mode by the making and the filing of the plats in fee, had inured to the plaintiff more than thirty years ago, and long prior to the passage of the ordinance and the construction of the nuisance. So that the plaintiff contends by his petition that the ordinance is void because it is an attempted invasion of the vested rights of the plaintiff in the use of the street, which is held

in trust by the Board of County Commissioners for the use of the public as well as himself.

It seems to be pretty well settled that a public nuisance may be abated by a bill in equity, or a petition in the nature of a bill in equity, by a private party who has suffered special damages by reason of the nuisance; but it is necessary that the plaintiff in such petition should show that he has sustained and is still sustaining individual injury thereby.

The Supreme Court of the United States, in *Mississippi and Missouri R. Rld. Co. v. Ward* (2 Black [67 U. S.] 485), so holds, and says : " The private party, though nominally suing on his own account, acts rather as a public prosecutor on behalf of all who are or may be injured." And it seems also to be well-settled law that a municipal corporation, like a city of the first or second class, under the Kansas statute, cannot authorize the establishment and maintenance of a public nuisance under such circumstances ; that it cannot, where vested rights have inured, as in this case, even vacate the street, to the injury of the abutting property holders. In addition to the above case, the following are important cases bearing upon these propositions. Upon the question of the invalidity of such an ordinance, see *Baltimore & Potomac Rld. Co. v. Fifth Baptist Church*, 108 U. S. 317 ; *Comm'rs of Franklin v. Lathrop*, 9 Kan. 453 ; *Board of Education, etc., v. Edson et al.*, 18 Ohio St. 221 ; *Pumpelly v. Green Bay Company*, 13 Wall. 166 ; •*Frith v. City of Dubuque et al.*, 45 Iowa, 406 ; *Cadle v. The Muscatine Western Rld. Co.*, 44 id. 11 ; *Babcock v. New Jersey Stock Yard Co.*, 20 N. J. Eq. 296 ; *Heller v. A. T. & S. F. Rld. Co.*, 28 Kan. 625.

Upon the first question above presented, see *Woodruff v. N. Bloomfield G. M. Co.*, 18 Fed. Rep. 753 ;

*Cemetery Assoc'n v. Meninger*, 14 Kan. 312; *Barclay et al. v. Howell's Lessee*, 6 Pet. 498; *Leffler v. The City of Burlington*, 18 Iowa, 361; *Brown v. Manning*, 6 Ohio, 298; *O. O. C. & C. G. Rld. Co. v. Larson*, 40 Kan. 301; *Leclerq v. Gallipolis*, 7 Ohio, 217; *Osborne v. Mo. Pac. Rld. Co.*, 147 U. S. 248. The last case holds, also, that where the injury is continuing in its nature and injurious in its character, or inflicts an irreparable injury, an action at law for damages is not an adequate remedy. See also *Park v. The C. & S. W. Rld. Co. et al.*, 43 Iowa, 636; *Heller v. A. T. & S. F. Rld. Co.*, supra.

There is but one other question that can present itself in this case, and that is· as to the laches of the plaintiff. This, however, seems to be more in the nature of a defense than otherwise, and does not arise upon the demurrer to the plaintiff's petition.

The petition sufficiently states a cause of action, and the judgment of the District Court sustaining the demurrer is reversed.

McElroy, J., concurring.

Wells, J., dissenting.