## Sorensen v. Town of Greeley.

The granting of a right of way on a street for a railway by a munici-
pality does not create any liability against the municipality for the
damages occasioned by the corporation exercising the rights so
granted. The liability in such cases is against the corporation exer-
cising and enjoying the rights so granted.

### Error to District Court, Weld County.

This was an action by plaintiff, Hans Sorensen, against
the defendant, for $284 damages for injury to his crop
occasioned by the destruction of the flume and lateral
conveying the water supply thereto. It appears from
the evidence produced by plaintiff that in the spring of
1881 the plaintiff had a lease of three lots in the town of
Greeley. These lots were on the east side of the Union
Pacific Railway track, being the old Denver & Pacific Rail-
way track, and the Mill-Power canal was on the west side
of the track. The Mill-Power canal was a canal for con-
veying water for mill-power purposes, irrigation of land
not within the town, and for land and lots within the
town, and for household purposes for the people in the
town of Greeley. The canal belonged to Bruce F. John-
son, with reserved rights in the town of Greeley for
water for irrigation of the land and lots within the town,
and for household purposes, for which the town had con-
trol of the canal, with right to assess the persons so using
the water therefrom, and the plaintiff had right to water
therefrom for the irrigation of said lots. In the spring
of this year the plaintiff planted the said lots in garden
vegetables, and, in order to get the water from the said
canal to his lots, plaintiff took the same out of the canal
on the west side of and near to the said railroad, and,
with the aid of the section hands employed on the rail-
way, he put a flume under the railway track, and then he
ran a small lateral down the side of the track, a distance
of two or three hundred feet to the lots, and so conveyed

the water to and irrigated his lots until the 26th day of July, when the railway company commenced work there to raise the railway track, and build a bridge at the place where plaintiff's flume was, and did so raise the track for some distance, and did so build a bridge at that place. The plaintiff's flume was destroyed on the first day of the work, as the work commenced at that point, and its destruction was thereby necessary. By this act, plaintiff's water supply for his lots was prevented from passing over that way, and, plaintiff failing to convey the water by any other way, his crop thereon suffered. On the 20th day of July, 1881, the defendant, the town of Greeley, passed an ordinance granting the right to said Bruce F. Johnson to change the course of the said canal, so as to occupy certain streets lying east of the said railway of the Union Pacific Railway Company and flume and lateral of the plaintiff. The place where the flume was, and where the bridge was built on the railway, under which the new canal ran, was on Jefferson avenue, and the railway of the Union Pacific Railway Company.

It also appears, from the evidence, that the force of men who raised the railway track and built the bridge were in the employ of the Union Pacific Railway Company; that this same force of men dug the new way for the said canal over the said streets, and commenced that work about one week after they had commenced raising the railway track; the section men and this force of men working under one superintendent the first week, and the said flume and lateral of plaintiff's being taken away by the said section men. The whole of said work occupied about thirty days. The old canal was not disturbed until after this work was done, but still continued to carry water therein. It appears from plaintiff's testimony that he could have taken water from the canal to his lots by another way, but that it would have cost him more than his crop was worth. The ordinance above re-

ferred to and another ordinance, which were read in evidence, are as follows:

"Ordinance No. 29.   Vacating portions of Olive street and Washington avenue for the Mill-Power canal.

"Be it ordained by the board of trustees of the town of Greeley, state of Colorado:

"Section 1.    That so much of the north half of Olive street, in the town of Greeley, state of Colorado, as lies between Jefferson avenue and Washington avenue, and so much of the east half of Washington avenue as lies between the south half of Olive street and the point of intersection of said Washington avenue with said Mill-Power canal as at present constructed, be, and the same is hereby, vacated.

"Sec. 2.    Be it further ordained that Bruce F. Johnson is hereby authorized and empowered to change the course of his Mill-Power canal along the line of said Olive street and Washington avenue, and to occupy thereon the said Mill-Power canal upon said portions of said streets vacated by section 1 of this ordinance.

"Passed and adopted this 20th day of July, 1881.

"DANIEL HAWKS, Mayor.

"Attest:   B. F. MARSH, Recorder."

"Ordinance No. 27.   Vacating a portion of Jefferson avenue, and granting the use of the said portion, and the right to lay down railroad tracks thereon, to the Greeley, Salt Lake & Pacific Railway Company.

"Be it ordained by the board of trustees of the town of Greeley, state of Colorado:

"Section 1.    All that portion of Jefferson avenue lying between Maple and Vine streets, in the town of Greeley, save and except the following, to wit:   Commencing at the southeast corner of block 38 in said town; running thence due east forty-eight feet to a point; and running thence in a north-northwesterly course along said avenue in a straight line to a point five feet and eight inches due east of the southeast corner of lot 1, block 23; running

thence due west to the southeast corner of said lot; running thence due south to the point of beginning,—be, and the same is hereby, vacated.

"Sec. 2. The use of that portion of Jefferson avenue which is vacated by section 1 of this ordinance, and the right to lay down railway tracks on said vacated portion of said avenue, is hereby granted to the Greeley, Salt Lake & Pacific Railway Company.

"Passed and adopted this 5th day of September, 1881.

"DANIEL HAWKS, Mayor.

"Attest: B. F. MARSH, Recorder."

Which ordinances, on motion of defendant, were afterwards excluded from the evidence by the court.

Plaintiff offered to prove by Jacob Wolaver, who was one of the town board of trustees of the town of Greeley in 1881, and attended the meetings of the council, as follows: " The facts we expect to show by this witness are these: We expect to show that the railroad company wished to occupy and lay their track upon Jefferson street; that said street was then occupied by the old Mill-Power canal; and that the town agreed to vacate said street, and allow the railroad company to run upon it, and, in consideration thereof, the railroad company agreed to dig the new Mill-Power canal, running from Olive street on Washington avenue to intersect with the line of the old canal; and that, for the reason that the title to Mill-Power canal was in Bruce F. Johnson, power was given him, and he was authorized and empowered by the town, to change Mill-Power canal upon streets vacated for that purpose by the town; but that it was the understanding that Johnson was not to do the work, but that the railroad company agreed with the town to move said canal in consideration of the town giving them Jefferson street to lay their track upon; and that Johnson consented that the railroad company might move Mill-Power canal, by virtue of certain ordinances passed by the town council, offered to be introduced as

evidence in this case; and that the loss to Sorensen, the damage to his flume and lateral, was occasioned by the change made in the Mill-Power canal by the railroad company in consequence of this agreement between the town, the railroad company and Johnson; and that no records of any kind of this agreement between the town and the railroad company have been kept by the town council." All of which was rejected by the court on objection by defendant.

The plaintiff rested, and, on motion of defendant for nonsuit, the court granted the same, and rendered judgment accordingly against the plaintiff. The plaintiff, having duly excepted to the ruling and judgment of the court, to reverse the judgment brings the case here on writ of error. The assignment of errors goes to the rejection of the evidence offered and to the judgment.

Mr. J. E. GARRIGUES, for plaintiff in error.

Messrs. HAYNES, DUNNING and ANNIS, for defendant in error.

STALLCUP, C. Accepting all the facts admitted in evidence, as well as those excluded and rejected, the plaintiff is without right of recovery against the defendant, the town of Greeley, for the reason that the acts which stopped the flow of water by the way it was going to plaintiff's lots were the acts of the U. P. R'y Co., in the construction of a bridge upon its own premises. It is difficult to see any force in the facts shown by the ordinance of September 5, 1881, as it was passed long after the occurrence complained of, and purports to vacate a portion of Jefferson avenue, and to grant the right to the Greeley, Salt Lake & Pacific Railway Company to lay railway tracks thereon; while, from the evidence, it appears that a portion of this avenue was already occupied by the railway of the U. P. R'y Co., and that plaintiff's flume passed under this same railway, at a point on this

same Jefferson avenue; that the destruction of the flume was caused by the workmen and employees of the said U. P. R'y Co. in raising this same railway, excavating and constructing a bridge thereunder at this point. As to the other ordinance of July 20, 1881, it simply vacated a portion of certain streets lying east of this railway, and granted to Bruce Johnson the right to occupy the said portions so vacated with the said canal. It is nowhere shown or claimed that the town pretended to grant the right to occupy with the canal the ground occupied by the said railway of the U. P. R'y Co. and flume of the plaintiff. That Bruce Johnson had any right from the said railway company, or any other source, to cross the said railway with the said canal, at this or any other point, does not appear. It would seem that such right would have to come from the railway company, and it appears that the railway company did assent to the same by adjusting its railway to and in excavating for the canal thereunder. There was ample water in the old canal during all this time, so that in this respect the town discharged its duty.

In no view of the case can the town be held liable for the injury resulting from such disturbance of the flume and lateral of the plaintiff. The granting of a right of way on a street for a railway by a municipality does not create a liability against the municipality for the damages occasioned by the corporation exercising the rights so granted. The liability in such cases is against the corporation exercising and enjoying such rights. *City of Denver v. Bayer*, 7 Colo. 113. The judgment should be affirmed.

We concur: MACON, C.; RISING, C.

· BY THE COURT. For the reasons assigned in the foregoing opinion the judgment is affirmed.

*Affirmed.*