STOUTEMEYER v. SHARP.

Opinion delivered February 1, 1909.

NUISANCE—RIGHT TO RELIEF.—One who seeks relief, either at law or in equity, against a public nuisance, such as the obstruction of a public road, must show that he has suffered or will suffer some special injury other than that in which the general public shares, and the difference between the injury to him and the injury to the general public must be one of kind, and not merely of degree.

Appeal from Fulton Chancery Court; *Edward D. Robertson*, Chancellor; reversed.

*Sam H. Davidson*, for appellants.

1. There had been no actual public use of the road for seven years. 47 Ark. 66, 431.

2. While public nuisances may be enjoined, the person must show some special injury peculiar to himself aside from and independent of the general injury to the public. I High on Inj. (3 Ed.), § 762; Wood on Nuisances (2 Ed.), § 645; 3 L. R. A. (N. S.) p. 733; 22 Tex. Civ. App. 578.

*C. E. Elmore,* for appellee.

1. This was a public road by prescription. 47 Ark. 431; 50 *Id.* 53; 59 *Id.* 26; *Id.* 35; 58 *Id.* 494; 83 *Id.* 369; 40 *Id.* 480.

2. Plaintiff suffered injury. 35 Ark. 497.

HART, J. On the 20th day of May, 1905, T. A. Sharp instituted this action in the Fulton Chancery Court against John B. Stoutemeyer and Jennie M. Stoutemeyer. The allegations of the complaint are as follow::

That more than ten years ago the Mammoth Spring Improvement & Water Power Company owned the southeast $\frac{1}{4}$ of the southwest $\frac{1}{4}$ of section 8, township 21 north, range 5 west in Fulton County, Arkansas, and laid it and other lands out in five-acre lots. That the Mammoth Spring and Williford Road ran directly in front of appellee's lot of five acres on the east and north of it, and that there was dedicated to the public by the Improvement & Water Power Company a public road which intersected the Mammoth Spring and Williford road at the northeast corner of Sharp's five-acre lot, and ran due north to a ford on Spring River. That more than seven years has elapsed since such dedication, and that the road has, during all this time, been used by the public as a public highway. That defendants are about to wholly obstruct the road by placing barbed wire and posts across it, to prevent plaintiff and the public from using it, and unless restrained will so obstruct it. That defendants have no interest in said road other than as citizens to use it as a public highway; that it comprises no part of their property, and that their attempted acts are intended to distress, harass and damage plaintiff and the public.

A restraining order was prayed for to prevent the defendants from placing the fence in the road, which on final hearing was asked to be made perpetual.

The defendants answered, denying all the material allegations of the complaint. The chancellor found in favor of the plaintiff,

and rendered a decree perpetually enjoining the defendants from closing up or otherwise obstructing said road. The case is here on appeal.

It has been repeatedly held in this State that an obstruction upon a street or highway is a public nuisance, and this is the settled general rule:

"A public nuisance does not furnish grounds for an action, either at law or in equity, by an individual who merely suffers an injury which is common to the general public; but an individual who sustains an injury peculiar to himself may have relief against a public nuisance, and is entitled to proceed in equity for the abatement of or an injunction against the nuisance.

"It is absolutely essential to the right of an individual to relief against a public nuisance that he should show that he has suffered or will suffer some special injury other than that in which all the general public share alike, and the difference between the injury to him and the injury to the general public must be one of kind and not merely of degree." 28 Cyc. p. 1208 et seq. To the same effect see 5 Pomeroy's Equity Jurisprudence, § 478.

The rule has been recognized and applied by this court to the facts presented in the record in the following cases: *Draper v. Mackey,* 35 Ark. 497; *Wellborn v. Davies,* 40 Ark. 83; *Packet Co. v. Sorrels,* 50 Ark. 467; *Davies v. Epstein,* 77 Ark. 221.

The first case was a suit in equity by Mackey against Draper to enjoin the defendant from obstructing a public road leading to the plaintiff's ferry. The cutting off of access to his ferry was a special damage to Mackey, not shared by him with the rest of the community, which gave him the right to maintain his action.

In the last case suit was brought by Epstein to restrain Davies from erecting a building on a public way abutting and in front of his premises. Because the nuisance abutted Epstein's premises, it materially impaired his convenient use of the property, and depreciated the market value thereof. This was an injury different in kind from that suffered by the rest of the community. Hence the court granted the relief asked for.

In the *Packet Co. v. Sorrels* case the court also recognized that an allegation that the erection was in that portion of the street abutting plaintiff's lot would be an allegation of a special or peculiar injury.

In the Wellborn-Davies case Wellborn was a practicing physician, and alleged that the obstruction to the road damaged him by the inconvenience he incurred in visiting his patients, and in passing to and fro on business. The court said: "The inconvenience to the complainant in visiting his patients, however often he may be called to do so, is not different from that which every citizen suffers whose business or pleasure may call him to travel the road. It is of the same character, only perhaps different in degree, from that which others suffer who have other business and live further away. This will not sustain his right of action."

In the present case the obstruction did not abut Sharp's premises. It was north of his place, and was between the tracts of land of Stoutemyer and Parker. Sharp says the obstruction greatly inconvenienced him in taking his stock to Spring River for water and preventing agress and ingress to that part of the country. This was an injury differing only in degree, and not in kind, from that suffered by Parker, Hutchinson and the rest of the community. Assuming the road obstructed to be a public highway, we do not think that Sharp has brought himself within the rule above announced.

The decree is therefore reversed, and the complaint is dismissed for want of equity.