## McKAY v. CITY OF ENID *et al.*

No. 486.   Opinion Filed May 10, 1910.

(109 Pac. 520.)

1.   NUISANCE—Public Nuisance—Right of Individual to Sue. An action cannot be maintained by a private person for an interference with or an obstruction in a public highway constituting a public nuisance, unless he is thereby specially injured in some way not common to the public at large.

2.   SAME—Obstruction of Street Travel. Plaintiff is the owner of a quarter section of land cornering with an addition to a city. Where the land corners with said addition, two public highways adjacent to his land intersect.   At this point, three streets, leading across the addition from the city, end in said public highways. A railway company, under legislative authority from the municipal corporation was alleged to have constructed and operated lines of railway and switch tracks upon and across all of said streets, and upon two of them in such a manner as to obstruct greatly pubic travel over same. Held, that, in the absence of averment in the petition showing that the streets obstructed were plaintiff's only means of access to his property which did not abut upon said streets, his petition failed to state sufficient facts to show that he had suffered an injury special to himself and different in kind from that suffered by the general public, and a demurrer to his petition for that reason was rightfully sustained.

(Syllabus by the Court.)

*Error from District Court, Garfield County; M. C. Garber, Judge.*

Action by A. S. McKay against the City of Enid and others. Judgment of dismissal, and plaintiff brings error.   Affirmed.

*J. M. Dodson,* for plaintiff in error.—Citing: 28 Cyc. 1354-5; *Zanesville v. Fannan,* 53 Ohio St. 605; *Fort Scott v. Peck* (Kan. App.) 49 Pac. 111; Lewis, Eminent Domain, secs. 56, 227.

*Blaine Acuff* and *Zinser & Helsell,* for defendant in error City of Enid.—Citing: *Frith v. City of Dubuque,* 45 Iowa, 406; *City of Denver v. Bayer* (Colo.) 2 Pac. 6; *Sorensen v. Town of Greely* (Colo.) 15 Pac. 803; *Stackhouse v. City of Lafayette,* 26 Ind. 17; *Ratcliffe v. Mayor,* 4 N. Y. 195; *Barney v. Keokuk,* 94 U. S. 324; *Pa. R. Co. v. Miller,* 132 U. S. 75; *Central Branch U. P. R. Co. v. Andrews* (Kan.) 2 Pac. 677.

HAYES, J.  Plaintiff in error is the owner of the S. E. ¼ of section 1, township 22 N., range 7 W., which lies northwest and outside of the limits of the city of Enid.  Immediately southeast of his property, and separated from it by the intersections of two public highways, is an addition of the city of Enid, known as "Kenwood Addition."  From the intersection of the highway running east and west along the south side of plaintiff's property with the highway running north and south along the east side at the southeast corner of his property, there are three streets running into the city of Enid:  One running south, known as "Nineteenth Street"; one running southeast, known as "Kenwood Boulevard"; and one running east, known as "Chestnut Street" or "Avenue."  These three streets begin at the intersections of the two public highways at the southeast corner of plaintiff's land. He brought this action to recover damages from the defendant city of Enid and the St. Louis & San Francisco Railroad Company jointly, because of alleged obstructions placed in said streets by the railroad company.  He alleges that the railroad company, under the authority and with the permission of the city of Enid, granted by an ordinance which he attaches to his petition as an exhibit, has constructed upon, across, and over said streets its line of railway and switch tracks, and by so doing has so obstructed the highways as to make the access to plaintiff's land more difficult, because of which the value of his property has been greatly de-

preciated. He further alleges that the railroad company had neg-
ligently constructed its tracks upon said streets upon a different
grade from that of the streets, and by embankments, ditches, and
standing cars upon its tracks has greatly obstructed public travel
over two of said streets. The city and the railroad company filed
their separate demurrers to plaintiff's petition. The demurrer of
the city was sustained, and that of the railroad company over-
ruled. Whereupon, plaintiff refusing to plead further, judgment
was rendered by the court in favor of the city, dismissing the
action against it. From that judgment this proceeding has been
brought.

The ordinance by which the city granted to the railroad com-
pany permission to build over the streets involved in this action
grants to the company the right to use and occupy all of said
streets for its main line of track through the city of Enid and its
switches, stations, grounds, and buildings and for all other railway
purposes and for a right of way, with the limitation, however, that
the right of the public to travel over and across said three streets
is reserved to the public. The ordinance provides that "the pub-
lic shall be allowed the right to travel upon and across said right
of way on the streets in this section named, and in consideration
of the grant of the public grounds and streets in this ordinance
given to said railroad company, and the right to use and occupy
said public grounds, streets, avenues, alleys, it is hereby made
the duty of said railroad company to provide a suitable place on
each of said streets for a crossing by vehicles over each of its main
and side tracks; said crossing to be properly made with planks to
be laid between the rails, and extending one foot on the outside
of the rails on each side of the track.   *   *   * "

The theory upon which plaintiff seeks to recover is stated in
the brief of his counsel in the following language:

"The plaintiff in error brought this action against the de-
fendant in error, defendant below, jointly for the recovery of dam-
ages sustained by him alleged to have been caused by the defend-
ant railroad company obstructing and interfering with the ingress

and egress to his property, and seeks to hold the defendant city jointly liable with the defendant railroad company for permitting the obstructions to be placed and maintained in the streets and highways directly communicating with plaintiff's premises."

The title to the streets involved in this action is not in the abutting owners, but is in the municipality in trust for the use and benefit of the public for the purpose of public highways. Municipal corporations of the territory had, and of the state now have, by virtue of section 118, art. 9, c. 18, Wilson's St. 1903, authority to grant railway companies the use of the streets of such corporations for railway purposes to be used in common with the traveling public consistent with the rights of abutting property owners. *Foster Lumbr. Co. v. Ark. Val. & Western Ry. Co.,* 20 Okla. 583, 95 Pac. 224, 100 Pac. 1110; *Blackwell, Enid & Southern Ry. Co. v. Gist,* 18 Okla. 516, 90 Pac. 889. Plaintiff does not deny that the city of Enid had the power to enact the ordinance granted to the railroad company in this case, permitting the railroad company to occupy the streets with its tracks, but he insists that, if in the exercise of this right granted to the railroad company, it commits acts that result in injury to plaintiff's property, the city is liable therefor. The weight of authority supports the rule that where a railway company under legislative authority from a municipal corporation constructs upon the streets or public highways of a city, its railway tracks and operates its trains thereon in a reasonable, proper and lawful manner, the city is not liable for injury resulting to private rights.

In *Murphy v. City of Chicago,* 29 Ill. 279, 81 Am. Dec. 307, it was said:

"It is the settled law of this court, as well as most of the courts of the other states of this Union, that it is a legitimate use of the streets or highways to allow the railway tracks to be laid down in it and for doing so the city is not liable for any damages which may accrue to individuals."

Other cases in point and to the same effect are: *Sorensen v. Town of Greeley,* 10 Colo. 369, 15 Pac. 803; *Frith v. City of Dubuque,* 45 Iowa, 406. The same rule is declared by Judge Brewer

speaking for the Supreme Court of Kansas in *Hedrick v. City of Olathe,* 30 Kan. 348, 1 Pac. 118, under a statute identically the same as the one existing in this state.

Discussing the same question, the Supreme Court of Colorado in *City of Denver v. Bayer,* 7 Colo. 113, 2 Pac. 6, said:

"But the construction of an ordinary railroad is not, as we have found, an improvement of the street for the convenience and benefit of the local public. It is a private enterprise, for private profit. True, the city attaches certain conditions to the license granted, such as that the railroad bed shall be upon a certain grade, that culverts shall be constructed for the gutters, and planks laid at the crossings, but otherwise the municipal authorities do not control the enterprise; whether we term the railroad company purely a private, or whether we call it a quasi public corporation, the situation remains unchanged. In constructing and operating the road it is acting for itself and not for the city. It is no more the city's agent than is the individual licensed by ordinance or resolution to engage in some legitimate private business requiring such license or authority. If the railroad company disobey the law, in building or operating its road, the city is not more responsible therefor than it would be for a tort of the private individual in the pursuit of his business aforesaid."

The rule of the foregoing authorities is sound in principle and is supported by good reason; but a grant to a railway company by the legislative department of the state or by a municipal corporation of authority to construct its railway tracks upon the streets or public highways is not an authorization to the company to violate private rights. Such authorization relieves the company only from liability to suit, civil or criminal, at the instance of the government, but the licensee must respond in damages for injury resulting to private rights. *Foster Lmbr. Co. v. Ark. Val. & Western Ry. Co., supra; Baltimore & Potomac Ry. Co. v. Fifth Baptist Church,* 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739.

The only right granted by such acts of authorization is one against the public and not against the private rights of individuals. That the state or a municipal corporation acting under legislative authority may grant such right is too well settled to require the

citation of authorities, and to hold that a municipal corporation having the power to grant such right may for the mere act of granting it be penalized would be a legal inconsistency. But plaintiff insists in his brief that defendant is liable for the reason that the railroad company, in the exercise of the right granted to it to lay its tracks on the streets of defendant, has unreasonably and in an improper manner constructed its tracks across two of the streets and permitted its cars to stand upon said tracks across said streets so as to hinder and obstruct public travel thereon and to make the access to his property more difficult and inconvenient. License to a railway company by a city to construct its tracks upon the streets and in the public highways of a city must be exercised in a reasonable and proper manner, and does not give to the railway company authority to monopolize the streets and to construct its tracks or operate its trains thereon in a negligent, unreasonable manner, without regard to the rights of the traveling public and of abutting property owners. It must exercise the right granted with due regard to the rights of the public, and if by failure to do so it obstructs the streets or highways, it renders itself subject to prosecution for the maintenance of a public nuisance, and if any individual suffers special and peculiar injury therefrom, he has a right of action to restrain the nuisance and to recover damages for his injury. *Ottawa, Osage City & Council Grove Ry. Co. v. Larson,* 40 Kan. 301, 19 Pac. 661, 2 L. R. A. 59.

Plaintiff's petition does not allege with fullness the acts it charges the railroad company with having committed that create the obstruction upon the streets leading to his property, but the allegations of his petition are to the effect that upon two of these named streets, leading across the addition from the city into the public highways upon which plaintiff's property abuts, the railroad company has constructed, in an unreasonable manner, embankments and ditches upon which it has laid its tracks, and over which it has failed to provide and maintain crossings in compliance with the contract with the city; and that it has permitted and now permits cars to stand upon said tracks, all of which results in

blocking said streets and so obstructing same that plaintiff is re-quired to go to and from his premises by a more circuitous and inconvenient route, and has rendered his farm less· suitable for an addition to the city and has depreciated its value. Whether plaintiff is entitled to maintain this action for damages for said alleged injuries involves two questions. First, whether the alleged nuisance maintained by the railroad company in the streets re-sults in special and peculiar injury to plaintiff, for which he has his right of ·action against the railroad company for damages; and, second, if he has such right of action against the railroad company, is the city likewise liable to him in a similar action against it, for the reason that the city has permitted the alleged public nuisance to be maintained in violation of its ordinance granting the license to the railroad company, and after notice to it of the maintenance thereof? It will follow that, if the acts charged against the railroad company are insufficient to give a right of action for damages in favor of plaintiff against the rail-road company, none exists against the city, and we shall therefore consider that question first.

A railway constructed upon the streets of a city or public highway under legislative authority, is not a. nuisance *per se,* but it may become such by reason of the manner of construction or of its operation. It is unnecessary to determine how much of a street a railway company might appropriate to its exclusive use under legislative license without any limitation upon its rights in the ordinance granting such license; for, in the case at bar, it is speci-fically provided by the ordinance granting to the railroad com-pany permission to build upon the streets of the city, that the pub-lic shall be allowed the right of travel upon and across said streets, and that the railroad company shall provide suitable places on each of said streets for crossings; and that its right to use and occupy the streets shall be subject to the rights of public travel.

Section 4751 of the Compiled Laws of 1909 defines a nuis-ance to consist in unlawfully doing an act or omitting to perform a duty, which act or omission among other things "unlawfully

interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake, or navigable river, bay, stream, canal, or basin, or any public park, square, street, or highway." The terms of the ordinance clearly do not except the railroad company from the operations of this statute, except in so far as it constructs and operates its line of railway in a reasonable and proper manner. Section 4751 provides three remedies against a public nuisance; First, indictment; second, civil action; third, abatement. Section 4760 provides that a private person may maintain an action for a public nuisance if it is especially injurious to himself; *but not otherwise*. This provision of the statute is in harmony with the common-law rule. As to what are special damages flowing from a public nuisance, for which a private individual may recover, the rule is that the injury from which they result must be different in kind, not merely degree, from that suffered by the general public from the act complained of. *Bigley v. Nunan*. 53 Cal. 403; *Decker v. Evansville, etc., Ry. Co.*, 133 Ind. 493, 33 N. E. 349; *Gundlach v. Hamm*, 62 Minn. 42, 64 N. W. 50; *Tilly v. Mitchell & Lewis Co.*, 121 Wis. 1, 98 N. W. 969, 105 Am. St. Rep. 1007. "It is not," says Mr. Wood in his treatise on Nuisance, "that he has sustained more damages than another; it must be of a different character special and apart from that which the public in general sustains; and not such as is common to every person who exercises the right that is injured." Wood on Nuisance, par. 646. The statement of the rule is easier than the application of it. It is often difficult to determine whether the injury to an individual from a public nuisance is or is not a kind that gives him a right of private action to recover damages therefor. The authorities generally hold that the injury resulting from an obstruction in a street or public highway in front of an abutting owner's property which interferes with his ingress or egress to and from his property is a special injury to him, and many authorities hold that, although the obstruction be not in front of the abutting property, if it be in such proximity to it upon the street or highway upon which the property abuts that the abutting owner's use and enjoyment of

the property is destroyed or greatly interfered with, and its value depreciated, this injury is special and peculiar to him. And it has been held that injury to property, the access to which has been interfered with by an obstruction, although the property be not adjoining the highway or street upon which the obstruction exists, if such street or highway is the owner's only means of access to the property, is a special injury and the owner may recover therefor. *Bembe v. Commissioners of Anne Arundel Co.,* 94 Md. 321, 51 Atl. 179, 57 L. R. A. 279. But the facts in the case at bar do not bring it within any of these classes. Plaintiff's property does not abut upon any of the streets obstructed. It abuts only upon public highways into which said streets lead. He has no private easement in the streets obstructed, such as an abutting property owner has; his right therein, of violation of which he complains, is one common to all the public. Plaintiff owns property in the vicinity of these highways, and the value of his right to travel over these may be greater to him than the value of the same rights to others who have no property in the same vicinity; but this is a difference only in degree and not in kind. He does not allege that the streets obstructed constitute the only means of access to the property, or that the obstruction complained of cuts off his communication with the city. On the other hand, of the three streets named by him as crossing the additions of the city and leading to the highways adjoining his farm, he has charged that only two of them have been so obstructed by the railroad company as to interfere with public travel over them, and it may be presumed that the remaining street furnishes him adequate means of access to his farm from the city, and, if it does not do so, it could not be presumed, in the absence of allegation to that effect, that there were no other highways and streets affording him means of ingress and egress to and from his property. In *Houck v. Wachter,* 34 Md. 265, 6 Am. Rep. 332, it was held that one who was compelled by an obstruction in the highway that led to his farm to go from and return to his farm by a very circuitous route to his great inconvenience did not suffer such special damage as entitled him to maintain an action therefor, and the court said:

"All the authorities agree that to support the action the damages must be different, not merely in degree from that suffered in common, hence, it has been well settled that, though the plaintiff may suffer more inconvenience than others from the obstruction, by reason of his proximity to the highway, that will not entitle him to maintain an action."

In *Guttery et al. v. Glenn,* 201 Ill. 275, 66 N. E. 305, the closing of a street by the board of trustees of a town was held to be a public nuisance, but that a private person whose property was not adjacent to the street closed and to which the street did not afford direct access, could not enjoin the action of the trustees merely because by closing the street he would· be inconvenienced in going from his premises to certain parts of the town. Other cases in point are: *McCowan Bros. v. Whitesides,* 31 Ind. 235; *City of Chicago et al. v. Union Building Ass'n,* 102 Ill. 379, 40 Am. Rep. 598; *Shaubut v. St. Paul & Sioux City Ry. Co.,* 21 Minn. 502; *Aldrich v. Wetmore et al.,* 52 Minn. 164, 53 N. W. 1072; *Zettel v. City of West Bend,* 79 Wis. 316, 48 N. W. 379, 24 Am. St. Rep. 715; *Dantzer v. Ind. Union Ry. Co.,* 141 Ind. 604, 39 N. E. 223, 34 L. R. A. 769, 50 Am. St. Rep. 343; *Kinnear Mfg. Co. v. Beatty,* 65 Ohio St. 264, 62 N. E. 341, 87 Am. St. Rep. 600; *Stoutemyer et al. v. Sharp,* 89 Ark. 175, 116 S. W. 189, 21 L. R. A. (N. S.) 74: *Guilford v. Minneapolis & St. Louis Ry. Co.,* 94 Minn. 108, 102 N. W. 365; *Van Buskirk et al. v. Bond,* 52 Or. 234, 96 Pac. 1103.

The facts in *Shaubut v. St. Paul & Sioux City Ry. Co., supra,* and *Guilford v. Minneapolis & St. Louis Ry. Co. et al., supra,* are very similar to the facts in the case at bar. In the Shaubut Case, plaintiff owned unplatted lands which adjoined the limits of a city. The street obstructed ended at the boundary line of plaintiff's property. The only difference between that case and the case at bar being that in the Shaubut Case the end of the street obstructed was contiguous to the plaintiff's land, whereas in the case at bar the streets and highways are adjacent to plaintiff's land. In the Guilford Case, the street obstructed intersected a street that was adjacent to plaintiff's property. In each of these cases plaintiffs' means of communication with the city from

his property was made more inconvenient, but recovery of damages therefor was denied, because his injury was held not to be special and peculiar to him. Plaintiff in the case at bar alleges that he has suffered great injuries and damages, "which are peculiar to himself alone, and that are not shared by the public generally." This statement is nothing more than the averment of a legal conclusion. The averment of probative facts contained in the petition fails to show that he has sustained an injury different in kind from that experienced by the public at large. *Van Buskirk et al. v. Bond, supra.*

We are therefore of the opinion that plaintiff's petition fails to show that he has suffered any special injury from the public nuisance charged in his petition for which he can recover from those guilty of maintaining it. It is therefore unnecessary to decide whether, if he had suffered such special injury as would entitle him to recover against the railroad company, the city would be liable, because it had suffered, in violation of the ordinance granting to the railroad company the right to lay its tracks upon the streets, the obstruction to be maintained after notice to it of its existence.

The judgment of the trial court is affirmed.

All the Justices concur.