## MACKEY v. AYCOCK et al.

No. 10252—Opinion Filed Oct. 11, 1921.

(Syllabus.)

**1. Nuisance—Public Nuisance—Right of Action—Special Injury.**

Section 4259, Rev. Laws 1910, provides that a private person may maintain an action for a public nuisance if it is a special injury to himself, but not otherwise.

**2. Same—Obstructed Highway—Rights of Abutting Owner—Ingress and Egress.**

The owner of land abutting upon a public highway one end of which is obstructed in front of his premises so that he cannot have free egress and ingress over it to and from his land, suffers a special injury which entitles him to maintain an action to enjoin such public nuisance.

**3. Same.**

The mere fact that there is another road, not adjoining his land, which affords the plaintiff ingress and egress will not prevent him from maintaining his action where the obstruction complained of is in front of his land or in such close proximity to it that his use and enjoyment of his property is greatly interfered with.

**4. Same.**

In the case at bar we are of the opinion that the facts found by the trial court show that the plaintiff has a special interest in the obstructed highway, and that the closing thereof will inflict upon him special injury not sustained by the general public.

Error from District Court, Bryan County: Jesse M. Hatchett, Judge.

Action by J. F. Mackey against Jack Aycock and Jesse Womack to enjoin obstruction of public highway. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

McPherren & Cochran and C. H. Elting, for plaintiff in error.

Hayes & McIntosh, for defendants in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, for the purpose of enjoining the obstruction of a public highway. Upon trial to the court there was a judgment in favor of the defendants denying the relief prayed for, to reverse which this proceeding in error was commenced.

From the findings of fact of the trial court, to which no exceptions were filed by any of the parties, it appears the road in controversy was a public highway upon which the plaintiff's lands abutted, and that the same was obstructed by the defendants constructing a fence across it in which they placed a gate near the northeast corner of plaintiff's land. The court held:

"That the plaintiff cannot maintain this suit under the authority of McKay v. City of Enid, 26 Okla. 275, 109 Pac. 520."

This ruling was based upon one of the findings of fact of the court to the effect that there was another road leading from near plaintiff's land, which was generally traveled, over which his egress was unobstructed. "but as to whether it is a better road than the one in controversy, or traveled more than the one in controversy, I am unable to find from the evidence."

In our judgment the trial court was in error in holding that in the circumstances the case at bar is controlled by the McKay Case. In the McKay Case it appears that the plaintiff owned land just south of the limits of the city of Enid, and that immediately southeast of his property, but separated from it by the intersection of two public highways, was an addition to the city of Enid. From the intersection of the highway separating plaintiff's property from the addition there were three streets running into the city. The railroad company, by permission of the city, constructed its tracks across two of the streets leading across the addition to the city of Enid. This obstruction was not adjacent to the property of the plaintiff, being separated therefrom by the intersection of the highways above referred to, and each of the streets obstructed terminated before reaching the property of the plaintiff. The action was for the recovery of damages from defendants city of Enid and the St. Louis & S. F. Ry. Company caused by the obstruction of said streets by the railroad company. It was held:

"That, in the absence of averment in the petition showing that the streets obstructed were plaintiff's only means of access to his property, which did not abut upon said streets, his petition failed to state sufficient facts to show that he had suffered an injury special to himself and different in kind from that suffered by the general public.* * *"

In the opinion, delivered by Mr. Justice Hayes, the circumstances in which the obstruction of a pubic highway may be considered as specially injurious to a private landowner are divided into three general classifications, as follows: First. where the obstruction is in front of the abutting owner's property and interferes with his ingress or egress; second, when the obstruction is not in front of the abutting property, but in such proximity to it upon the street or highway upon which the property abuts that the abutting owner's use and enjoyment of the property is destroyed or greatly interfered with and its value depreciated; third. in cases where property, the access to which has been interfered with by an obstruction is not adjoining the highway or street upon which the obstruction exists, if such street or highway is the owner's only means of access to the property. The court very properly held that the facts in the case then under consideration did not bring it within any of these classes.

In the case at bar, it will be observed, the plaintiff's land abutted upon the obstructed highway. The court found that at the time this suit was brought, and now, plaintiff owned 20 acres of land abutting on the section line south of the gate at the south end of the road in controversy. According to this finding of fact, the gate which caused the obstruction was situated at the northeast corner of plaintiff's 20 acres of land, and the closing of the same obstructed the road which led. not only from the point which abutted on the property of the plaintiff, but obstructed a section line highway which ran on past and in front of plaintiff's property. This state of facts brings the case at bar within both the first and second classifications set out in the McKay Case. In the case at bar, unlike the McKay Case, there were no intersecting roads between plaintiff's property and the obstruction. The road leading in front of plaintiff's property intersected with no other road running in any other direction except the one running east and west to the north of plain-

tiff's property, and which plaintiff was prevented from using by the obstruction made by defendants.

While it is true that the court found that there was another road near the land of the plaintiff over which he might have ingress and egress to and from his premises, the facts show that plaintiff's land did not abut on this other road. In these circumstances the mere fact that there is another unobstructed road will not prevent the landowner from maintaining his action where the obstruction complained of is in front of his property or in such proximity to it that his use and enjoyment of his property is greatly interfered with. McKay v. City of Enid, supra.

Section 4259, Rev. Laws 1910, provides that a private person may maintain an action for a public nuisance if it is a special injury to himself, but not otherwise.

While it is often difficult to determine whether the injury caused by a public nuisance is or is not so specially injurious to a private person as to give him a right of action, we think this case is reasonably free from any such perplexity.

Many authorities are cited by counsel for plaintiff in error which seem to sustain the conclusion reached. In 6 Ballard on Real Property, sec. 46, the rule is stated as follows:

"The owners of land abutting upon a street or alley, one end of which is obstructed so that he cannot have egress from his property to other streets in that direction, suffer an injury peculiar to them by reason of a public nuisance and may recover nominal damages upon that fact alone."

The following are some of the cases cited supporting our conclusion: Venard v. Cross, 8 Kan. 248; Martin v. Marks (Ind.) 57 N. E. 249; Strunk v. Pritchett (Ind.) 61 N. E. 973; Pearsall v. Easton County (Mich.) 4 L. R. A. 193; Bannon v. Murphy (Ky.) 38 S. W. 889; Hayden v. Stewart (Kan.) 80 Pac. 43.

In the case at bar we are of the opinion that, under the law and the facts found by the trial court, it is reasonably clear that the plaintiff has a special interest in the obstructed highway, and that the closing thereof inflicts upon him special injury not sustained by the general public.

For the reason stated, the judgment of the court below is reversed, and the cause remanded, with directions to enter judgment in accordance with the views herein expressed.

HARRISON, C. J., PITCHFORD, V. C. J. and JOHNSON, MILLER, KENNAMER, and NICHOLSON, JJ., concur.