## CONSENE CHUCULATE v. STATE.

No. A-5812. Opinion Filed April 9, 1927.
(254 Pac. 984.)

E. B. Arnold and W. A. Woodruff, for appellant.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

PER CURIAM. Appellant, Consene Chuculate, was convicted of the crime of conducting a gambling game; the jury leaving the punishment to be assessed by the court. In due course a motion for new trial was interposed in his behalf and denied, whereupon judgment was pronounced, and appellant was sentenced to pay a fine of $500, and to serve a term of one year in the state penitentiary.

To reverse the judgment, appellant assigns various errors.

In response to appellant's brief, the Attorney General has filed the following confession of error, which will be accepted as the opinion of the court:

"The Attorney General is loath to confess error in any case wherein it can be shown that the defendant has had the benefit of the laws and Constitution of this state, but, when the record shows that a defendant has not had these benefits, the Attorney General feels that it is his duty, after examination of the entire record, to confess error to the end that the law may be properly administered and persons charged with crime properly convicted by due process of law.

"The record shows that the defendant is a full-blood Indian, and neither speaks nor understands the English language; that the information herein was filed on the 28th day of February, 1925, and that the defendant was brought before the court on March 2, 1925, and duly arraigned, and that his plea of not guilty was duly recorded, and that thereafter, on the 7th day of March, 1925, the cause came on regularly to be tried before the honorable J. T. Parks, district judge, in and for the First judicial district of the state of Oklahoma, of which Adair county is a part; that the state appeared by Hon. W. A. Corley, county attorney, announced ready for trial; that the defendant appeared

in person without attorney, and announced to the court, through the court clerk, as interpreter, that he was not ready for trial, but desired further time to secure an attorney; that the court found that the cause should proceed to trial, and thereupon the clerk directed to draw a jury. The record shows that the defendant took no part in the examination of the jurors, and took no part in questioning any witness, and that the county attorney asked witnesses leading questions almost exclusively; that, after the examination of the witnesses had begun, the court stated: 'By the Court: I believe we had better interpret this to the defendant, so he can understand what is going on. Go ahead and ask him the name again, and Mr. Sixkiller can interpret it to him so he will know what is going on. Interpret the questions to him and the answer as given by the witness, so he will know what is going on.'

"Then followed the testimony of the various witnesses in which practically all questions were leading and suggestive.

"This court has repeatedly held that, where a person is charged with a felony, it is the duty of the court to appoint an attorney for the defendant in case he has no attorney, but in this instance the court failed so to do, though the defendant made a request for an attorney.

"If one is not able to understand the language in which a trial is conducted, and has no attorney, it is apparent that he would not be able under any theory to properly protect his rights before a court or jury. And this court, in the case of Mullen et al. v. State, 28 Okla. Cr. 218, 230 P. 285, in the fourth paragraph said: 'The constitutional right to be heard by counsel is not limited to the right to be heard by counsel at the time of the trial. Every person accused of felony is entitled to the benefit of counsel at every stage of the proceeding, whether imprisoned or admitted to bail.'

The court also held, in the fifth paragraph, as follows: 'Where it appears on appeal that a defendant has been denied a right guaranteed by the Constitution, such showing requires a reversal unless the record

clearly shows that the right was waived, or that no injury could have resulted to the accused by reason of such denial.'

" In the case of Polk v. State, 26 Okla. 283, 224 P. 194, paragraph 1 of the syllabus, the court said: 'Every person charged with crime, whether guilty or innocent, is entitled to a fair and impartial trial according to the due and orderly course of the law, and it is a duty resting upon the courts to see that the guaranty of such a trial, conferred by the laws upon every citizen, shall be upheld and sustained.'

"In paragraph 8 the court further said: 'Under our laws every person accused of felony is entitled to aid of counsel at every stage of the proceedings, whether imprisoned or admitted to bail, and refusal of opportunity to procure such counsel amounts to a deprivation of a right essential to his safety.'

"The defendant herein, as shown by the case-made, was not able to speak or understand the English language and this fact would make it imperative that some one should represent him, aside from the plain provisions of our Constitution, and, coupled, with the constitutional provision and the decisions of this court, it is apparent to the Attorney General that this case should be reversed and remanded to the district court of Adair county. Respectfully submitted."

On the record before us we are convinced that appellant should have a new trial, and for the reasons stated in the foregoing confession of error, the judgment is reversed and the cause remanded for further proceedings in accordance with law.