BLANDING ET AL. *v.* CITY OF LAS VEGAS ET AL.

No. 2833

September 25, 1929.                    280 P. 644.

*A. A. Hinman,* for Appellants:

*F. A. Stevens,* for Respondents, The City of Las Vegas, Fred Hesse as Mayor, O. J. Smith as Commissioner, W. B. Mundy as Commissioner, Fred Hesse individually, O. J. Smith individually, W. H. Elwell individually, W. B. Mundy individually, and C. J. Hammond individually:

*F. R. McNamee & Leo. A. McNamee,* for Respondents, First State Bank of Las Vegas, Nevada, Inc., W. E. Hawkins and Leo A. McNamee:

## OPINION

By the Court, DUCKER, C. J. (after stating the facts as above) :

■■ The ruling of the lower court was proper. The complaint does not show that appellants will suffer any injury special to themselves or different in kind from that which will be sustained by the general public. A showing that an injury of this kind will be sustained is essential to enable a person to maintain an action of this character. Symons et al. v. City and County of San Francisco et al., 115 Cal. 555, 42 P. 913, 47 P. 453; Whitsett v. Union D. & R. Co., 10 Colo. 243, 15 P. 339; Hammond v. County Commissioners, 154 Mass. 509, 28 N. E. 902; City of Chicago et al. v. Union Building Association, 102 Ill. 379, 40 Am. Rep. 598; City of Gary v. Much, 180 Ind. 26, 101 N. E. 4; Heller v. Atchison, etc., R. Co., 28 Kan. 625; Nelson v. Swedish Evangelical Lutheran Cemetery Ass'n, 111 Minn. 149, 126 N. W. 723, 127 N. W. 626, 34 L. R. A. (N. S.) 565, 20 Ann. Cas. 790; Greene v. Goodwin Sand, etc., Co., 72 Misc. Rep. 192, 129 N. Y. S. 709; Zettel v. West Bend, 79 Wis. 316, 48 N. W. 379, 24 Am. St. Rep. 715.

The rule deducible from the general current of authority is stated in 13 R. C. L. at pages 75 and 76 as follows: "To entitle a property owner to injunctive relief against the vacation of a street or highway he must show that he will suffer a special or peculiar injury, and not merely such inconvenience as is cast upon all other persons of that neighborhood."

The case at bar, in so far as the cause of action is based upon the vacation of the street and consequent

damage to the business of appellants, is identical in principle with Fogg v. N. C. O. Railway, 20 Nev. 429, 23 P. 840, 842. In the latter case the action was to abate a public nuisance alleged to consist of the maintenance of a section of railroad and railroad tracks and the operation of trains thereon, on a street on which the plaintiff's residence abutted. Damages therefrom were specifically alleged and an abatement of the nuisance and an injunction prayed for. The court applied the foregoing principle, and in the course of its opinion quoted approvingly from Wood on Nuisance, sec. 646, as follows: "The courts very wisely have unswervingly adhered to the rule that an individual, in order to be entitled to a recovery for injuries sustained from a public nuisance, must make out a clear case of special damages to himself, apart from the rest of the public, and of a different character, so that they cannot fairly be said to be a part of the common injury resulting therefrom."

The question of injury to the real property belonging to appellants, such as shutting off ingress or egress to and from the same, or otherwise injuring their property, is not made by the complaint. Such injury could hardly be claimed for the reason that all of the places of business of the appellants are shown by the complaint to be located some distance from the portion of Main Street vacated by the order of the city authorities. Special injury to the business in which each of the appellants is engaged is the principal contention.

The general averments in the complaint, such as inconvenience to the public by reason of having to travel a greater distance over the proposed street, damage to property rights of adjoining and adjacent owners, increased hazard of accident and collision, do not merit any consideration. The latter are merely conclusions of law, and the former is something which affects all the public having occasion to travel on the new street. The allegations in regard to injury likely to obtain to the appellant Blanding's wholesale and retail meat business in the city of Las Vegas are not, in our opinion,

sufficient to constitute that special injury required to be shown. The probability that his meat would become impaired or unfit for sale, if he is required to travel over the proposed street during hot weather, is somewhat remote under the facts stated. The increased distance is only 320 feet. This distance is inconsequential under modern modes of transportation, as is the fact alleged that less speed would be necessitated on account of the increased risk of accident and collision. The fact alleged that he makes 22 trips a day adds nothing to the risk of injury. This is merely more of an inconvenience to him than to others having occasion to travel it less frequently. While unfavorable conditions for travel over the proposed street are alleged, it does not appear that it is impassable, or that such conditions will be permanent.

■ It is alleged that the present street is the nearest and most accessible route between appellant Blanding's slaughter and packing house and his market in the city of Las Vegas, but it is not alleged that there are not other routes over which he could transport his meat to the market without risk of injury. The facts stated should be explicit and sufficient to enable the court to determine whether there is any danger of special injury to the appellant. Mere fears of contemplated injury are not sufficient. As stated in Fogg v. N. C. O. Railway, supra: "Injunctions ought not to be granted in cases of this character, unless 'the threatened use of property or the act sought to be restrained is clearly shown to be such as leaves no doubt of its injurious results; such results as are recognized to be substantial legal injuries. The bill must set forth such a state of facts as leaves no room for doubt upon the question of nuisance, for, if there is any doubt upon that point, the benefit will be given to the defendant.' "

No facts from which special injury to the business of appellant Filbey can be clearly concluded are alleged in the complaint. It appears from the complaint that appellant Filbey, like appellant Blanding, does not reside on the present street, but on a highway connecting

therewith, where he conducts a dairy. It is alleged that he makes eight trips each day from the place where he has his dairy to Las Vegas to deliver his dairy products, and on account of the proposed street being unsafe and unfit for travel will be compelled to travel $1\frac{1}{5}$ miles further each way over a more circuitous route to his special injury. It is clear that this is not such injury as the law contemplates of which an individual may complain. It is not injury of a different kind from that suffered by the general public. As in the case of Blanding these allegations show merely an inconvenience of greater degree than to those who may travel that way less frequently.

■ Counsel for appellants contend that the weight of authority establishes the rule to be that an obstruction of a street or highway, requiring travel by a more circuitous route, constitutes a special injury sufficient to support an action by an individual. We are of the opinion that the weight of authority is decidedly the other way. Among the authorities recognizing the latter view are the following: Stoutemeyer v. Sharp, 89 Ark. 175, 116 S. W. 189, 21 L. R. A. (N. S.) 74; Hitch v. Scholle, 180 Cal. 467, 181 P. 657, 658; Whitsett v. Union Depot, etc., 10 Colo. 243, 15 P. 339; Newton v. New York, N. H. & H. R. Co., 72 Conn. 420, 44 A. 813; Canady v. Coeur D'Alene, 21 Idaho, 77, 120 P. 830; Houck v. Wachter, 34 Md. 265, 6 Am. Rep. 332; Nichols v. Inhabitants of Richmond, 162 Mass. 170, 38 N. E. 501; Tomazewski v. Palmer Bee Co., 223 Mich. 565, 194 N. W. 571; Smith v. Boston, 7 Cush. (Mass.) 254; Jacksonville, etc., Railroad Co. v. Thompson, 34 Fla. 346, 16 So. 282, 26 L. R. A. 410; Illinois Malleable Iron Co. v. Park Com'rs, 263 Ill. 446, 105 N. E. 336, 51 L. R. A. (N. S.) 1203; Dantzer v. Indianapolis Union R. Co., 141 Ind. 604, 39 N. E. 223, 34 L. R. A. 769, 50 Am. St. Rep. 343; Chicago & N. W. R. Co. v. Railroad Commission, 167 Wis. 185, 167 N. W. 266; 2 Wood Nuis. (3d ed.) sec. 701; 1 High on Inj. (4th ed.) p. 785.

While there are cases holding that an enforced circuity of route from a property owner's location to the outside

world works a special peculiar injury to him, independent of an actual injury to the premises, we are of the opinion that such cases are not in accord with better principle. They are subject to the criticism that the rule makes the person or municipality responsible for the nuisance alleged subject to a multiplicity of suits for the same act, a condition which the law abhors and seeks always to avoid. Hence the doctrine that where the obstruction complained of is common to the public, although some may be affected to a greater degree than others, the action for its removal must be by public prosecution.

■ The complaint states no cause of action as to appellants Rhoades and Smith. Their garages, repair and supply shops, oil and gasoline stations are not situated on the part of Main Street discontinued, but on Main Street some distance therefrom. The gist of their complaint is that the discontinuance of the present street and the unfavorable conditions on the proposed street will divert travel from the street where their respective places of business are situated, and consequently cause the loss of the patronage of their customers to the special injury of these appellants. It is not alleged that the proposed change in the street will make travel over the street on which their places of business are located impassable or even difficult, but it is alleged, in substance, that the unsafe and unfit condition of the proposed street will divert it to another street. The injuries predicated on these allegations are too remote, contingent, and uncertain to be called substantial legal injuries. Whether the results stated as feared will actually happen is speculative. Even if it could be reasonably concluded that such results would follow, the injuries to the appellants' business would not be that direct and immediate consequence of the acts complained of which is always essential, but dependent upon the public desire. Smith v. City of Boston, 7 Cush. (Mass.) 254.

As stated in Heller v. A., T. & S. F. R. Co., 28 Kan. 625: "The benefits which come and go from the

changing currents of travel are not matters in respect to which any individual has any vested right against the judgment of the public authorities."

■ It is contended that appellants as taxpayers may join and maintain this action without showing special injury. This contention is untenable. The complaint does not present a case conferring on a taxpayer the right to sue. The rule governing such a case is correctly stated in 19 R. C. L. p. 1164, as follows: " * * * Except when the act sought to be enjoined is or will involve the assessment of a tax for an illegal purpose, a private citizen cannot maintain an action to restrain official acts, unless he can show that he will suffer an injury differing in kind and not merely in degree from that suffered by the public generally." "A taxpayer," said the court in Symons et al. v. City and County of San Francisco, "is permitted to maintain an action to restrain the improper diversion or use of the public funds, or to compel an official to do some act whose omission would increase his burden as a taxpayer. In both cases the ultimate object is the same—to escape the imposition of an increased taxation, which, except for his right of action, would be by direction or indirection illegally thrust upon him."

The rule is also set forth in 28 Cyc. pp. 1736, 1737. It is there stated: "It is well settled that a court of equity will in a proper case enjoin illegal or unauthorized acts of a municipal corporation, or its officers, and any resident or taxpayer who sustains a special injury different from that of the public generally may sue to enjoin the unauthorized or illegal act. A taxpayer cannot, however, maintain such a suit where he has not sustained or is not threatened with any injury peculiar to himself as distinguished from the public generally, as in such case the suit must be brought in the name of the state by the proper public officer. * * * And where it (the act of the municipality) is prejudicial to the rights of taxpayers, as such, as involving the levy of tax, creation of a municipal debt, or appropriation or expenditure of public funds, or in any way tending to

increase the burden of taxation, the great weight of authority is that if such action be illegal or unauthorized, taxpayers may sue to restrain it, without showing any special injury different from that sustained by other taxpayers, and may sue in their own names without making the attorney-general or other public officer a party."

■ The complaint does not present a case in principle conferring on appellants the right to sue as taxpayers. As we hold, the appellants are not specially injured in regard to their special vocations as alleged, and it does not otherwise appear that the act of the municipality vacating the present street and establishing the proposed street is unlawful or beyond its chartered powers. The fact that the action of the municipality was by order, instead of by an ordinance, does not make the act void or illegal as contended by appellants. The city charter provides as follows: "The said board of commissioners shall have the power * * * to lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, parks and public grounds and to vacate the same. * * * " Stats. of Nev. 1925, c. 56, pp. 77, 82, sec. 3, subd. 12.

The charter does not prescribe the mode by which the power to do any of these things must be exercised. It may be by ordinance, resolution, or order. Stats. of Nev. 1925, c. 56, pp. 77, 78, sec. 3. "When a municipal council is given power to legislate in regard to a particular subject matter, and the statute is silent as to the mode in which the power shall be exercised, an enactment by the municipal council is valid whether it is in the form of an ordinance or resolution." 19 R. C. L. p. 895; City of Chicago v. McKechney et al., 91 Ill. App. 442; McQuillan, Municipal Corporations (2d ed.) p. 283, sec. 1529, note 82.

There is in substance no difference between a resolution and an order. 19 R. C. L. 895; State v. Summers, 33 S. D. 40, 144 N. W. 730, 50 L. R. A. (N. S.) 206, Ann. Cas. 1916B, 860.

There is not anything alleged in the complaint sufficient to show any misuse of power in vacating the present street and opening the proposed street. No fraud is alleged, nor do its allegations show any abuse of the discretionary power lodged by the charter in the city authorities. "The question of the necessity of closing a street or highway," as stated in 13 R. C. L. at pages 69, 70, "as distinguished from the question of public purpose or use, belongs exclusively to the legislative department of government. So where the power exists in a municipality, it is for the municipal authorities to determine when it shall be exercised, and their action in this regard will not be reviewed by the courts in the absence of fraud, or a manifest abuse of discretion. The court cannot control or revise such decision on the ground of inexpediency, injustice, or impropriety. Nor will it inquire into the motives of the tribunal to which the matter is committed when there is no allegation of fraud, or unless it is manifest that a flagrant wrong has been perpetrated upon the public and valuable rights have been surrendered ostensibly for the public good, but really for the benefit of a private individual."

In Dillon on Municipal Corporations, vol. 111 (5th ed.) at page 1838, the author states the rule: "The exercise of the power (to vacate a street) is discretionary on the part of the municipality; and in the absence of abuse the courts will not interfere with its exercise." See the authorities cited in note 1 to support the foregoing statement of the rule.

The following statement of the rule is found in 3 McQuillan on Municipal Corporations, at page 2991: "Primarily the expediency of vacating a street or alley rests in the discretion of the municipality, and the courts cannot interfere unless such discretion is clearly abused, or there has been fraud or collusion." 2 Elliott, Roads and Streets (3d ed.), sec. 1182, p. 761. Knapp, Stout & Co. v. St. Louis, 156 Mo. 343, 56 S. W. 1102.

■ The allegation in the complaint concerning the agreement made by the city of Las Vegas and its board of city commissioners with the appellants the First

State Bank of Las Vegas, Hawkins, McNamee, and certain subdividers, is not sufficient averment of fraud. There is no allegation in the complaint that the city owns the land occupied by the present street. Nothing appearing to the contrary, it must be presumed that the title is in the abutting owners. 3 McQuillan's Municipal Corporations, sec. 1305, and cases cited in 74. Neither is it alleged that the city is selling or will sell the land occupied by the present street. These considerations alone make the matter of no concern to appellants. "The mere fact that petitioners for the vacation of a street or other persons will be benefited by such vacation is not sufficient to constitute such fraud or abuse of discretion as to authorize a court to interfere. And the court will not ordinarily look into the motives influencing the local authorities." 2 Elliott Roads and Streets, sec. 1183, p. 762; Albes v. Southern R. Co., 164 Ala. 356–365, 51 So. 327; People ex rel. v. Chicago, 154 Ill. App. 578–582; Bellevue v. Bellevue Imp. Co., 65 Neb. 52, 90 N. W. 1002; Tilly v. Mitchell & Lewis Co., 121 Wis. 1, 98 N. W. 969, 105 Am. St. Rep. 1007; 3 McQuillan, Municipal Corporations, p. 2987.

■ We cannot agree with the claim that because the attorney-general refused to bring this action the appellants were entitled to do so. In the first place, the complaint does not show by sufficient allegation that the public interests have been or are about to be involved. In the second place, actions for redress or prevention of public wrongs must be prosecuted in the name of the state. Fogg v. N. C. O. Ry. Co., supra; 32 C. J. 295.

It is unnecessary to determine whether in any event a taxpayer on his relation in the name of the state could bring an action to enjoin a public nuisance, when the attorney-general refuses to do so.

The judgment of the court is affirmed.